Argued and submitted April 30, affirmed July 14, 1980

GARDNER, et al,
*Respondents - Cross-Appellants,*
*v.*
DONOVAN, et al,
*Appellants - Cross-Respondents.*
(No. A7806 09756, CA 15456)

613 P2d 1097

Marvin S. Nepom, Portland, argued the cause and filed the brief for appellants - cross-respondents.

Gary J. Lekas, Portland, argued the cause and filed the brief for respondents - cross-appellants.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Defendants appeal from an adverse judgment for money damages arising out of the sale of unregistered securities and assign as error (1) the trial court's denial of defendant Kane's motion to quash service of summons for lack of personal jurisdiction; and (2) the granting of summary judgment on the issue of liability against defendants.

In June, 1976, plaintiffs bought securities of defendant Donovan and Associates, Inc., a corporation wholly owned by individual defendants Charles and Donald Donovan and Merrill Kane. Kane has never been in Oregon. After certain disputes arose among the parties, in October, 1977, all parties except Kane, but including the corporation, executed an agreement for the repurchase of the securities from plaintiffs. Defendants defaulted. Plaintiffs brought this action and prevailed on the cause of action based on violation of ORS 59.055, sale of unregistered securities.[1] ORS 59.115(3) provides for the vicarious liability of a director of a corporation for sale of securities in violation of the Oregon Securities Law.[2]

---

[1] ORS 59.055 provides:

"It is unlawful for any person to offer or sell any security in this state, unless:

"(1) The security is registered and the offer or sale is not in violation of any rule or order of the commission or any condition, limitation or restriction imposed by him upon such registration; or

"(2) The security is exempt under ORS 59.025 or the sale is exempt under ORS 59.035."

[2] ORS 59.115 provides in pertinent part:

"(1) Any person who:

"(a) Offers or sells a security in violation of the Oregon Securities Law or of any rule or order of the commission, or of any condition, limitation or restriction imposed upon a registration under the Oregon Securities Law; or

"(b) Offers or sells a security by means of an untrue statement of a material fact or an omission or state a material fact necessary in order to make the statements made, in light of the circumstances under

On the jurisdictional question, defendant Kane contends that it is unfair to require him to submit to the jurisdiction of Oregon courts, because he has never been in Oregon and he was "merely" an investor in the corporation, despite his being designated as a director of the corporation. In his affidavit in support of the motion to quash, however, defendant Kane admits that he put up a savings certificate as collateral for a loan made to the corporation. Kane signed the pledge in Michigan and returned it to the bank in Oregon making the loan. Kane does not deny being a director nor does he deny that he knew that he was a director. Kane's name (and his designation as treasurer) also appears on a number of corporate documents such as solicitation materials, but there is no evidence that he knew of or authorized such use of his name or other evidence that he was in fact an officer.

■　　Oregon's long-arm jurisdictional statute, former ORS 14.035(1)(a), confers personal jurisdiction over individuals as to any cause of action arising from the transaction of any business within the state.[3]

which they are made, not misleading (the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable as provided in subsection (2) of this section to the person buying the security from him.

"* * * * *

"(3) Every person who directly or indirectly controls a seller liable under subsection (1) of this section, every partner, officer, or director of such seller, every person occupying a similar status or performing similar functions, and every person who participates or materially aids in the sale is also liable jointly and severally with and to the same extent as the seller, unless the nonseller sustains the burden of proof that he did not know, and, in the exercise of reasonable care, could not have known, of the existence of the fact on which the liability is based. * * *"

[3] ORS 14.035 has now been replaced by ORCP(4); and subsection (G) of that rule grants personal jurisdiction:

"In any action against a defendant who is or was an officer or director of a domestic corporation where the action arises out of the defendant's conduct as such officer or director or out of the activities of such corporation while the defendant held office as a director or officer."

Kane admitted that he was a director of the corporation and that he helped obtain financing for it. The question is whether his activities constitute the minimum contacts required by due process and "traditional notions of fair play and substantial justice." *International Shoe Company v. State of Washington,* 326 US 310, 316, 66 S Ct 154, 90 L Ed 95 (1945); *State ex rel Academy Press v. Beckett,* 282 Or 701, 711, 581 P2d 496 (1978). In *State ex rel White Lumber v. Sulmonetti,* 252 Or 121, 127, 448 P2d 571 (1968), the Oregon Supreme Court stated:

> "From the *McGee [v. International Life Insurance Company,* 355 US 220, 78 S Ct 199, 2 L Ed 2d 223 (1957)] and *Hanson [v. Denckla,* 357 US 235, 78 S Ct 1228, 2 L Ed 2d 1283 (1958)] cases, three criteria can be said to define the present outer limits of *in personam* jurisdiction based on a single act: First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Machine Co. v. Mohasco,* 401 F2d 374 (6th Cir 1968)."

Here, Kane became a director of an Oregon corporation. He purposefully availed himself of the privilege of transacting business with an Oregon bank to obtain financing for that corporation. The securities registration violation arose from the offer and sale in Oregon of securities of a corporation created by and operated under the control of the individual defendants, including Kane. The offer and sale of securities in Oregon by an Oregon corporation creates a substantial connection with Oregon. Since Kane is the only party having ties to Michigan, there is no other jurisdiction in which it would be more fair to litigate this controversy. It

was not error for the trial court to have denied defendant Kane's motion to quash service of summons for lack of *in personam* jurisdiction.

■ In the second assignment, defendants contend first that vicarious liability under ORS 59.115(3) is outside the scope of the cause of action for violation of securities registration requirements. The contention is baseless. Defendants Charles Donovan and Kane also argue that they raised an issue of fact by amending their answer to include the affirmative defense that defendants could not have known of the existence of facts on which the securities violation is based. Although neither Charles Donovan nor Kane directly made the sale, ORS 59.115(3) renders directors of a seller liable unless they show that they could not reasonably have known of the pertinent facts. The allegation in a pleading to that effect is not enough. ORCP 47(D). In the affidavits opposing summary judgment, no defendant recites facts that could prove that upon reasonable inquiry he could not have discovered the facts underlying the violations. There being no issue of fact for a jury to decide, the trial court properly granted the motion for summary judgment against defendants on the issue of liability.

Affirmed.