Argued and submitted September 24,
reversed and remanded November 17, 1980

NORTH PACIFIC STEAMSHIP CO.,
*Appellant,*
*v.*
GUARISCO et al,
*Respondents.*

(No. 420-628, CA 13184)

619 P2d 1306

Bruce M. Hall, Portland, argued the cause for appellant. With him on the briefs were Daniel M. Ricks, and Wood, Tatum, Mosser, Brooke & Holden, Portland.

William M. McAllister, Portland, argued the cause for respondents. With him on the brief was James Ray Streinz, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

In this action at law for fraud, a companion case to the Creditor's Bill in Equity involving the identical parties (*see North Pacific Steamship Co. v. Guarisco,* (CA 13405), 49 Or App 335, 619 P2d 1302 (1980), plaintiff appeals from the granting of summary judgment for defendants. The trial court in the equity case found that fraud was not proved against defendants and advised the parties that that finding would collaterally estop plaintiff in this case. Thereupon, defendants moved for summary judgment. We reverse and remand.

■ Because the companion case has been reversed and remanded for dismissal for lack of personal jurisdiction over defendants, the decree in the equity case is now a nullity. Therefore, there can be no collateral estoppel effect on this case, and the entry of summary judgment cannot stand.

■ Defendants contend that if the summary judgment is not sustained, the judgment dismissing the case should nevertheless be sustained for lack of personal jurisdiction over defendants. In its second amended complaint, plaintiff alleged that certain misrepresentations and material nondisclosures were made on behalf of the group of all defendants during the original contract negotiations between the plaintiff and Pyramid Bulkcarriers, Inc. (PBC), in Oregon. These acts were alleged to be part of a continuous fraudulent course of conduct intended to be relied upon by plaintiff, which resulted in unrecoverable monetary loss when PBC reneged on the contract and was rendered insolvent by actions of defendants. If proven, those allegations are sufficient to make out a cause of action arising, in part at least, from the commission of a tortious act in Oregon within the meaning of former ORS 14.035(1)(b). *State ex rel Academy Press v. Beckett,* 282 Or 701, 716, 581 P2d 496 (1978).

Reversed and remanded.