Argued and submitted September 24, reversed and remanded
with instructions to dismiss November 17, 1980,
former opinion adhered to, reconsideration denied
(50 Or App 285, 622 P2d 1142) February 3,
petition for review allowed June 9, 1981
See later issue Oregon Reports

NORTH PACIFIC STEAMSHIP CO.,
*Respondent - Cross-Appellant,*
*v.*
GUARISCO et al,
*Appellants - Cross-Respondents,*
SCAFIDI et al,
*Cross-Respondents,*

(No. 420-629, CA 13405)

619 P2d 1302

William M. McAllister, Portland, argued the cause for appellants - cross-respondents. With him on the briefs were Richard C. Josephson, Susan P. Graber, and James Ray Streinz, Portland.

Bruce M. Hall, Portland, argued the cause for respondent - cross-appellant. With him on the briefs were Daniel M. Ricks, and Wood, Tatum, Mosser, Brooke & Holden, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

Plaintiff, a Liberian corporation, filed this creditor's bill in equity in 1975 in an attempt to satisfy a postarbitration judgment in its favor obtained in Louisiana against defendant Pyramid Bulkcarriers, Inc. (PBC). That judgment awarded plaintiff damages for breach of a contract negotiated in Oregon between plaintiff and PBC, also a Liberian corporation, to charter two ships to carry bauxite from Venezuela to Louisiana and return with cargoes of wheat.

Plaintiff seeks to reach the assets and corporate opportunities of PBC that are alleged to have been wrongfully diverted by defendants Peter V. Guarisco and Donald A. Scafidi and three corporations in the Guarisco family's corporate holdings: Hellenic, Inc.; Pyramid Bulkhandling, Inc. (PBH); and Pyramid Ventures Group, Inc. (PVG). Plaintiff claims that PBC was made insolvent by the diversions. Additionally, plaintiff asserts that Guarisco operated these corporations as his alter egos. Plaintiff also originally alleged that Guarisco, Scafidi and Hellenic participated in a fraudulent scheme from the outset of contract negotiations to avoid any liability resulting from PBC's activities. The action for common law fraud was segregated from the trial of this case to be litigated after disposition of this equity case. The appeal in the companion law case is decided this day. *North Pacific Steamship Co. v. Guarisco,* (CA 13184), 49 Or App 331, 619 P2d 1306 (1980).

None of defendants were Oregon residents, or corporations qualified to do business in Oregon at the relevant times. The trial court entered judgment for plaintiff against PBH, PVG, Transbulk, Ltd. (PVG's wholly owned subsidiary), and Hellenic. The trial court found that the corporations were not the alter egos of Guarisco, but nevertheless gave plaintiff judgment against Guarisco personally for litigation expenses incurred by defendants in defending against plaintiff's claims. It ordered that any sum collected on the personal judgment against Guarisco was to be credited against plaintiff's Louisiana judgment against defendant PBC. Defendants against whom judgment was entered appeal and plaintiff cross-appeals from

that judgment. We need not detail the various assignments of error on both sides, for we agree with defendants' contention that the trial court erred in finding personal jurisdiction over defendants.

In this case neither Guarisco nor Scafidi is a natural person subject to jurisdiction under former ORS 14.010,[1] and no corporate defendant is subject to jurisdiction under former ORS 14.020.[2] The applicable test for determining whether personal jurisdiction arises out of certain acts in the state has two parts: (1) do the jurisdictional facts fall within the terms of former ORS 14.035; and, if so, (2) does due process permit the exercise of personal jurisdiction? *State ex rel Academy Press v. Beckett,* 282 Or 701, 708, 581 P2d 496 (1978). The second issue is not reached if the statutory basis for jurisdiction is lacking.

Former ORS 14.035(1)(repealed by Or Laws 1979, ch. 284, § 199) provided:

"Any person, firm or corporation whether or not a citizen or a resident of this state, who, in person or through an agent, does any of the actions enumerated in this subsection, thereby submits such person and, if an individual, his personal representative to the jurisdiction of the courts of this state, as to any cause of action or suit or proceeding arising from any of the following:

"(a)  The transaction of any business within this state;

"(b)  The commission of a tortious act within this state;

---

[1] Former ORS 14.010 (repealed by Or Laws 1979 ch. 284, § 199) provided in relevant part:

"No natural person is subject to the jurisdiction of a court of this state, unless he appear in the court, or be found within the state, or be a resident thereof, or have property therein; and in the last case only to the extent of such property at the time the jurisdiction attached. * * * "

Or Laws 1979 ch. 284 enacted the Oregon Rules of Civil Procedure making substantial changes in the jurisdictional laws effective January 1, 1980. *See* ORCP Rules 4-6.

[2] Former ORS 14.020 (repealed by Or Laws 1979 ch. 284, § 199) provided:

"No corporation is subject to the jurisdiction of a court of this state, unless it appears in the court, or has been created by or under the laws of this state, or has an agency established therein for the transaction of some portion of its business, or has an agency established therein for the purpose of soliciting some portion of its business to be transacted in this state or elsewhere, or has property in this state; and in the last case only to the extent of such property at the time the jurisdiction attached."

"(c) The ownership, use or possession of any real estate situated in this state;

" * * * * * ."

Since there is no real property forming the basis of jurisdiction pursuant to Section (1)(c), personal jurisdiction in this case must be predicated on either (1)(a) or (1)(b), which we discuss in turn.

■ Under former ORS 14.035(1)(a), business is considered to have been transacted in Oregon for purposes of the long arm jurisdictional statute if it caused effects in the state. *State ex rel Academy Press v. Beckett, supra,* 282 Or at 712. "Cause of action" is defined as a "group of facts which [entitle] plaintiff to relief." *Troutman v. Erlandson,* 287 Or 187, 201, 598 P2d 1211 (1979). The question here is whether the group of facts entitling plaintiff to relief in this case can be said to arise out of the transaction of business in Oregon, or to put it another way, whether the transaction of business among some of the parties which did occur in Oregon at one point, i.e., negotiation of the contract between plaintiff and PBC, can be said to give rise to plaintiff's claim in *this* case.

■ Plaintiff's "Second Amended Creditor's Bill in Equity" alleged that PBC's assets and corporate opportunities were diverted by defendants to prevent plaintiff from collecting any damages awarded against PBC for PBC's breach of contract. None of the activities comprising the alleged diversions, however, took place in Oregon. Moreover, the corporate defendants were incorporated in Louisiana, Liberia and the Bahamas; they were not qualified to do business in Oregon and in no sense were located in Oregon when the diversions occurred.

Plaintiff was not located in Oregon either, other than through an agent corporation domesticated in Oregon. Any significant effects of defendants' activities in diverting assets or opportunities from PBC were suffered by plaintiff, not by the agent. There were thus no economic consequences in Oregon as a result of the alleged activities, and plaintiff has not articulated any other effects. This is in contrast to *State ex rel White Lbr. v. Sulmonetti,* 252 Or 121, 125, 448 P2d 571 (1968), where a telephone order from out of state for the manufacture of plywood in Oregon

produced substantial business consequences in Oregon supporting the exercise of personal jurisdiction. This case is also unlike *State ex rel Academy Press v. Beckett, supra,* where a nonresident corporation requested that an Oregon resident perform substantial work, the revision of a literary manuscript, in Oregon. The court there found proper the exercise of personal jurisdiction. Here, no consequences of defendants' activities were alleged or shown to have taken place in Oregon. *Cf. Gardner v. Donovan,* 47 Or App 97, 101, 613 P2d 1097 (1980)(nonresident director of an Oregon corporation subject to personal jurisdiction because ORS 59.115(3) rendered him vicariously liable for the acts in Oregon of the domestic corporation giving rise to alleged security violations).

The only transaction of business involving these parties which did occur in Oregon was the negotiation of the contract between plaintiff's agent and PBC's agent, PVG, through defendant Scafidi and a third party. In a pretrial order, the court reasoned that the cause of action in this case arose out of the contract:

> "The causes of action for damages brought by plaintiff manifestly are related to the contracts executed in 1970, for in essence plaintiff is still seeking to recover damages for the breach of those contracts."

While the cause of action for *breach of the contract* may have arisen out of the the contract negotiated in Oregon, that cause of action merged in the judgment obtained in Louisiana. *Ryckman v. Manerud,* 68 Or 350, 361, 136 P 826 (1913). Plaintiff's creditor's bill in equity is a suit upon a former judgment, in the nature of an equitable execution. *Alexander v. Munroe,* 54 Or 500, 513, 101 P 903, 103 P 514 (1909). Plaintiff would like to include the negotiation of the contract in Oregon within the group of facts comprising the cause of action in the creditor's bill, and thereby achieve a jurisdictional basis over defendants. Plaintiff alleged:

> "More particularly, and in addition to the foregoing, the Pyramid Bulkcarrier interests which include all defendants, herein within the periods of their operation and existence by virtue of the ownership, control, officership and interrelationship described in paragraphs II through XII, caused Pyramid Bulkcarriers to go into and operate in the ship chartering and marine cargo business before and

after the time it commenced dealings with plaintiff; caused the initial structuring and continuing financing of Pyramid Bulkcarriers to occur in such way as to permit its financial collapsing and diversion of business at the will and direction of the Pyramid Bulkcarrier interests into other controlled agencies such as Pyramid Bulkhandling, Inc., Transbulk, Ltd., Pyramid Supply, Inc., and Pyramid Ventures Group, Inc.; *determined upon and caused the sending of Messrs. Scafidi and Tedesco to Oregon as set forth hereinafter to charter M/S PACSEA and M/S PAC-SUN under such pre-caused conditions, but without revealing such conditions to plaintiff or its agents;* * * *"
(Emphasis added.)

In substance plaintiff claims that during the contract negotiations defendants failed to disclose that PBC was a corporation that could be divested of its assets at the will of defendants. The failure to make a material disclosure during contract negotiations, while appropriate in plaintiff's fraud cause of action, is not part of this action for equitable execution upon the former judgment.[3] Fraud is of course implicit in the proceeding on a creditor's bill. The remedy is described in *Creditors Protective Ass'n v. Balcom,* 248 Or 38, 41, 432 P2d 319 (1967):

"The ground for equitable jurisdiction in such cases is fraud in the concealment or disposal of the debtor's property, which will defeat the collection of the debt unless equitable remedies are applied. While such cases classically involve fraudulent conveyances, the same considerations apply when assets are placed beyond the reach of creditors, either by fraudulent transfer or some other fraudulent scheme. The existence of fraud and the multiplicity of actions at law render the statutory remedies cumbersome and inadequate. * * *"

But the fraud component properly included in the creditor's bill in this case relates only to conveyance or concealment of assets to avoid paying a debt to a creditor, that is, to the alleged diversion of corporate assets and opportunities to prevent plaintiff from collecting its judgment for breach of the contract.

---

[3] These allegations and similar allegations of misrepresentation and nondisclosure occurring during contract negotiations more properly belong to and are in fact included in the complaint in the companion case.

Before plaintiff obtained its arbitration award and judgment, it had a cause of action for breach of contract, but did not occupy the position of a creditor. The debt upon which this suit is brought did not exist until after the issue of PBC's liability for breach had been adjudicated. This suit to reach assets allegedly diverted from PBC arises out of alleged events occurring outside Oregon after the contract was executed, events which created no effects in Oregon. None of the corporate or individual defendants were located in or did business in Oregon. There is no basis for personal jurisdiction under these circumstances under former ORS 14.035(1)(a).

Under former ORS 14.035(1)(b), personal jurisdiction may be found if the cause of action arises out of tortious activity inside the state or outside the state if effects are created within. *State ex rel Academy Press v. Beckett, supra,* 282 Or at 715-16. Here, plaintiff demonstrated no effects in Oregon stemming from any activity by defendants. As stated earlier, the allegation of misrepresentations made in Oregon during contract negotiations is not properly part of this cause of action for equitable execution.

We hold that the trial court lacked personal jurisdiction over any of the defendants under former ORS 14.035(1)(a) and (b).

Reversed and remanded with instructions to dismiss.