Larry D. RILEY, Gary S. Barta, Rodney L. Nielsen and Darlene A. Nielsen, husband and wife, Barclay M. Armitage, James H. George and Inez O. George, husband and wife, Kenneth B. Southall and Sandra D. Southall, husband and wife, William E. Workman and Barbara L. Workman, husband and wife, Dr. Warner B. Swarner and Christine L. Swarner, husband and wife, Robert A. Pfeifer and Jane A. Pfeifer, husband and wife, Leslie J. Hubbard and Martha J. Hubbard, husband and wife, Harley E. Dykema and Adeline D. Dykema, husband and wife, Robert S. Wallace, Jr. and Jodene G. Wallace, husband and wife, Harold Widman and Elise Widman, husband and wife, William R. Mueller and Kay Mueller, husband and wife, and Ronald K. Melott, Plaintiffs,

v.

Phillip H. BRAZEAU, Larry D. Moomaw, Glen T. McCurdy, and John Does I Through XX, Defendants.

Civ. No. 84–901–PA.

United States District Court, D. Oregon.

June 18, 1985.

Richard M. Layne, Weaver & Layne, Michael D. Kennedy, Kennedy, Bowles & Towsley, Portland, Or., for plaintiffs.

Philip H. Brazeau, Aloha, Or., for defendants.

Frank H. Lagesen, Lawrence P. Blunck, Cosgrove, Kester, Crowe, Gidley & Lagesen, Portland, Or., for Moomaw.

PANNER, Chief Judge.

Plaintiffs bring this action for violations of federal securities laws, state securities laws, and federal and state racketeering laws. Defendant Larry D. Moomaw (Moomaw) moves to dismiss. I grant the motion in part, and deny it in part.

## BACKGROUND

The recitation of facts is from plaintiffs' complaint. Plaintiffs invested in a program conceived and administered by Alpha Properties Realty, Inc. (Alpha) and its wholly owned-subsidiary, Macal Development Corporation (Macal). Around August of 1981, Alpha salespeople offered an investment program in which investors made down payments on houses that were to be built by Macal. Macal would take care of all details of financing and construction, and would complete the houses within six months.

After the house was completed, the investor could choose to apply the down payment on the purchase, or receive a refund. If the investor decided to purchase, Macal would manage the house as a rental property for at least a year, and then arrange for sale of the house. The purpose of the one year period was to allow certain tax benefits.

Plaintiffs invested from $8,500 to $20,000 per house. The down payments were not, however, used to finance construction of the houses. Instead, the down payments were used to finance Alpha's and Macal's operations costs, including salaries and numerous luxury items.

Alpha employed several salespeople, who presumably made the alleged misrepresentations to plaintiffs. The salespeople were controlled by Alpha brokers, who were controlled by Martin O'Malley, an Alpha officer. O'Malley, the brokers, and the salespeople have all settled with plaintiffs, and are not named as defendants in this action. Glen McCurdy, Macal's president and a control person at Alpha, was named in the complaint but has since settled with plaintiffs. Alpha and Macal have filed bankruptcy petitions, and are not named as defendants.

Defendant Moomaw was corporate counsel for Alpha and its subsidiaries. He advised control persons at Alpha about the investment program. He and his firm received payments from Alpha which came from the down payments on the houses.

Plaintiffs allege violations of section 17(a) of the Securities Act of 1933 (1933 Act), 15 U.S.C. § 77q(a), section 10(b) of the Securities Exchange Act of 1934 (1934 Act), 15 U.S.C. § 78j(b), Rule 10b–5 promulgated by the Securities Exchange Commission, 17 C.F.R. 240.10b–5 (1983), Oregon's Blue Sky Laws, O.R.S. §§ 59.055, 59.115, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68, and Oregon's Racketeer and Corrupt Organizations Act, O.R.S. §§ 166.715–735. Moomaw is named as a defendant in all but the RICO and Oregon RICO counts.

Moomaw moves to dismiss for failure to plead with particularity and for failure to state a claim, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. I grant the motion insofar as it is based on Rule 9(b). The dismissal is without prejudice and plaintiffs have leave to file an amended complaint. I grant the motion in part and deny it in part insofar as it is based on Rule 12(b)(6). The motion is granted with respect to all John Doe defendants and with respect to plaintiffs' section 17(a) claim, but is denied with respect to plaintiffs' other claims.

## I.  RULE 9(b).

### STANDARDS

Rule 9(b) provides:

*Fraud, Mistake, Condition of the Mind.* In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

In *Walling v. Beverly Enterprises,* 476 F.2d 393 (9th Cir.1973), the Ninth Circuit described the rule's requirements.

> Rule 9(b) requires that the circumstances constituting fraud must be stated with particularity. But "[r]ule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter." [citing J. MOORE]. Nor does Rule 9(b) require any particularity in connection with an averment of intent, knowledge or condition of the mind. It only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.
>
> .  .  .  .  .
>
> [M]ere conclusory allegations to the effect that defendant's conduct was fraudulent ... are insufficient...

476 F.2d at 397 (citations omitted).

The *Walling* court also stated that because the complaint stated the "time, place, and nature of the alleged fraudulent activities," Rule 9(b) was satisfied. *Id.* In *Bosse v. Crowell, Collier, & MacMillan,* 565 F.2d 602 (9th Cir.1977), the Ninth Circuit adopted the time, place, and nature language of *Walling,* holding:

> Rule 9(b) ... only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. *Walling v. Beverly Enterprises, supra.* While mere conclusory allegations of fraud will not suffice, statements of the time, place, and nature of the alleged fraudulent activities will.

565 F.2d at 611.

▮ The complaint should state the specific content of the misrepresentation as well as the identities of the parties to it. *Miscellaneous Service Workers v. Philco-* *Ford Corp.,* 611 F.2d 776, 782 (9th Cir. 1981).

▮ In cases involving multiple defendants, plaintiffs must specify the role of each defendant in the fraud. *E.g., Hokama v. E.F. Hutton & Co., Inc.,* 566 F.Supp. 636, 645 (C.D.Cal.1983). The complaint should state whether the particular defendant is being sued as a principal or as an aider and abetter. *Bruns II v. Ledbetter,* 583 F.Supp. 1050, 1052 (S.D.Cal.1984).

## DISCUSSION

▮ Plaintiffs' complaint fails to describe Moomaw's role in the fraudulent scheme with the particularity required by Rule 9(b). The allegations that Moomaw knowingly or recklessly participated in or assisted the fraudulent scheme are based on information and belief. To satisfy rule 9(b), plaintiffs should have alleged the source of their information and the reasons upon which their belief is founded. *Bruns,* 583 F.Supp. at 1050. The allegation that Moomaw attended Alpha's weekly meeting is not sufficient to satisfy this requirement.

Moomaw also argues that the complaint should be dismissed because plaintiffs fail to adequately allege the elements of aider and abetter liability. These elements are:

(1) a primary actor has committed a securities violation;

(2) the defendant knew of the violation; and

(3) the defendant substantially assisted the primary actor.

*Harmsen v. Smith,* 693 F.2d 932, 943 (9th Cir.1982).

Moomaw cites *Harmsen* and argues that plaintiffs must plead each of these elements with the particularity required by Rule 9(b). Some courts have also reached this conclusion. *E.g., Zatkin v. Primuth;* 551 F.Supp. 39, 42 (S.D.Cal.1982).

▮ 1 agree that plaintiff should be required to plead the first element, the primary violation, with particularity. Rule 9(b) itself requires that the fraud be plead with particularity. Plaintiffs may not

evade this requirement by arguing that there is no allegation that Moomaw made any of the misrepresentations, or by arguing that the complaint establishes a "chain of command" between those making the misrepresentations and Alpha control persons.

I do not agree, however, that plaintiffs must plead the second *Harmsen* element, knowledge, with particularity. *Harmsen* does not require this. *Harmsen* involved an appeal of a jury verdict. Rule 9(b) was not at issue. *Walling* and *Bosse* do not require that knowledge be plead with particularity.

Moomaw cites decisions by two district courts in the Ninth Circuit, *Bruns II v. Ledbetter, supra,* and *McFarland v. Memorex Corp.,* 493 F.Supp. 631, 637 (N.D. Cal.1980). These courts have held that *Walling* and *Bosse* do not set standards for applying Rule 9(b), and have instead adopted the Second Circuit's stricter approach to Rule 9(b), under which a complaint must not only allege scienter, but must also allege the "facts constituting scienter and an explanation of the defendant's duty toward the plaintiff." *Goldberg v. Meridor,* 81 F.R.D. 105, 111 (S.D.N.Y. 1979).

■ I find that *Walling* controls on the knowledge issue, and reject *Bruns* and *McFarland. Walling* holds that Rule 9(b) does not "require any particularity in connection with an averment of intent, knowledge, or condition of mind." 476 F.2d at 397. This squares with the language of the rule. While the first sentence of Rule 9(b) provides that the "circumstances constituting fraud" must be pled with particularity, this is modified by the second sentence, which provides that "[m]alice, intent, knowledge, and other condition of mind ... may be averred *generally.*" (emphasis added). *See Cramer v. General Tel. & Electronics Corp.,* 582 F.2d 259, 273 (3d Cir.1978), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979); *Hokama,* 566 F.Supp. at 645. The *Walling* position also harmonizes Rule 9 with Rule 8, which requires that averments in pleadings be concise and direct and that pleadings be construed in a way that does substantial justice. *See McGinty v. Beranger Volkswagen,* 633 F.2d 226, 228–29 (1st Cir.1980).

■ Regarding the third element, I agree that plaintiffs must particularly plead facts showing that Moomaw assisted in the alleged fraud. I do not agree, however, with Moomaw's argument that plaintiffs must particularly plead facts showing that this assistance was "substantial." "Rule 9(b) requires that fraud be pleaded particularly; it does not require that every element of an offense also·be pleaded particularly." *Seville Industrial Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 792 n. 7 (3d Cir.1984).

■ I also reject Moomaw's argument that the complaint fails to satisfy Rule 9(b) because it does not state when each plaintiff discovered the alleged fraud. The complaint shows that some plaintiffs brought their claims more than two years after they invested in the Alpha program. Moomaw contends that because the applicable statute of limitations is two years, the complaint should also specify when these plaintiffs discovered the fraud. Rule 9(b) must, however, be read together with Rule 8, which requires that pleadings be "simple, concise, and direct." A complaint could not satisfy this requirement if it were required to anticipate affirmative defenses like the statute of limitations. Rule 9(b) was intended to provide the defendant with sufficient information to prepare an answer. The complaint provides Moomaw with enough information to know that he may raise the statute of limitations defense. Rule 9(b) does not require more.

I grant the motion to dismiss insofar as it is based on Rule 9(b). The dismissal is without prejudice. Plaintiffs have twenty days leave to file an amended complaint, which should describe the primary violations and Moomaw's role in them with the particularity required by Rule 9(b). If allegations regarding Moomaw's role are based on information and belief, the complaint should state the source of the infor-

mation and the reasons upon which the belief is founded.

## II. RULE 12(b)(6).
### STANDARDS

When a federal court rules on a motion to dismiss for failure to state a claim, the court must review the sufficiency of the complaint.

In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted).

## DISCUSSION

■ I grant the motion with respect to all John Doe defendants. The Ninth Circuit does not permit the inclusion of John Doe defendants. *Sigurdson v. DelGuercio,* 241 F.2d 480, 482 (9th Cir.1956).

■ I also grant the motion to dismiss plaintiffs' first claim, for violation of section 17(a) of the Securities Act of 1933. While the Ninth Circuit stated in *Stephenson v. Calpine Conifers II, Ltd.,* 652 F.2d 808, 815 (9th Cir.1981), that section 17(a) provides a private right of action, the statement is *dictum* unsupported by analysis. After *Stephenson* was announced, several district courts in the Ninth Circuit analyzed the issue in depth and found that section 17(a) does not provide a private right of action. *E.g., Brabham v. Patenta, N.V.,* (CV 83–1248–RE) (D.Or. Nov. 5, 1984); *Bruns,* 583 F.Supp. at 1053. I adopt the analysis used by Judge Redden in *Brabham,* and find that section 17(a) does not provide a private right of action. The motion to dismiss is granted as to plaintiffs' first claim.

■ The motion to dismiss is denied as to plaintiffs' second claim for violation of section 10(b) of the 1934 Act and Rule 10b–5. Moomaw contends that the refundable deposit contracts do not constitute securities under the 1934 Act. While I am inclined to agree, plaintiffs might be able to prove facts that would create a jury issue. *See S.E.C. v. Goldfield Deep Mines Company of Nevada,* 758 F.2d 459, 463–465 (9th Cir.1985). This decision cannot be made until after discovery.

■ The motion to dismiss is also denied as to plaintiffs' third and fourth claims. The third claim is for violation of O.R.S. § 59.055, which prohibits the sale of unregistered securities. The fourth claim is for violation of O.R.S. § 59.115, which prohibits the sale of a security by means of a material misrepresentation.

Moomaw argues that the refundable deposit contracts are not securities under Oregon law, which is similar to federal securities law on this issue. I reject this argument at present for the same reasons I expressed with regard to the federal securities claim.

■ With respect to the third claim, Moomaw argues that O.R.S. § 59.055 does not provide a private right of action. I disagree. While O.R.S. § 59.055 does not specifically provide that buyers of unregistered securities may bring a private action, O.R.S. § 59.115 does. O.R.S. § 59.115 provides for the liability of those who sell a security in violation of the Oregon Securities Law. O.R.S. § 59.115(1)(a). Whether plaintiffs bring their unregistered securities claim under O.R.S. § 59.055 or § 59.-115(1)(a) is immaterial. Compare *Day v. Saunders,* 270 Or. 432, 528 P.2d 513 (1974), with *Gardner v. Donovan,* 47 Or.App. 97, 613 P.2d 1097 (1980).

■ With respect to the fourth claim, plaintiffs allege that Moomaw "participated" or "materially aided" in the alleged misrepresentation, pursuant to O.R.S. § 59.115(3). In his motion to dismiss, Moomaw contends that even if plaintiffs can plead participant liability with particularity, the claim should be dismissed under Rule 12(b)(6) because plaintiffs' theory of the

case cannot involve a violation of O.R.S. § 59.115(3). I disagree.

Moomaw cites *Adams v. American Western Securities, Inc.*, 265 Or. 514, 510 P.2d 838 (1973). In that case, plaintiff brought a securities fraud action against several defendants, including an attorney who had worked for several of the defendants. After the jury returned a verdict against all defendants, the attorney moved for an involuntary nonsuit. The trial court granted the motion, but the Oregon Supreme Court reversed.

The court reasoned that an attorney should not be liable as a participant for merely preparing securities documents or performing services normally performed by a lawyer for a client. The attorney's conduct went beyond this, however, in that he had prepared, attended to the execution of, and personally filed the registration documents even though he knew that the solicitation and sales of the security had already occurred. 265 Or. at 525–29.

Moomaw argues that the complaint alleges only that he performed services normally performed by a lawyer for a client. He stresses that the complaint alleges only that he advised and assisted Alpha and its subsidiaries in devising the investment program, but does not allege that he prepared, attended to the execution of, or filed any securities documents.

I disagree. Broadly construed, the complaint alleges that Moomaw participated in the development and implementation of the Alpha plan even though he knew or recklessly disregarded that Alpha was not investing plaintiffs' funds properly. Plaintiffs might be able to prove facts showing that Moomaw participated in the fraud. Whether he prepared any securities documents is not determinative.

## CONCLUSION

Defendant Moomaw's motion to dismiss is GRANTED insofar as it is based on Rule 9(b). The dismissal is without prejudice. Plaintiffs have leave to file an amended complaint complying with the Rule.

The motion to dismiss is GRANTED IN PART and DENIED IN PART insofar as it is based on Rule 12(b)(6). The motion is GRANTED as to John Doe defendants I thru XX and as to plaintiffs' first claim. The motion is DENIED as to plaintiffs' second, third, and fourth claims.