**SECURITIES INVESTOR PROTECTION CORPORATION, et al., Plaintiffs,**

v.

**Robert POIRIER, et al., Defendants.**

**Civ. No. 85–1867–RE.**

United States District Court,
D. Oregon.

April 8, 1986.

gained agreements and plaintiff's state law claim that the union violated the terms of these agreements is barred.

Carol A. Hewitt, Cory Streisinger, Elizabeth Newcomb, Lindsay, Hart, Neil & Weigler, Portland, Or., for plaintiffs.

Raymond M. Rask, David J. Sweeney, Mark B. Weintraub, Gilbertson, Brownstein, Rask, Sweeney, Kerr & Grim, Christopher Bishop, Renwick & Bishop, Robert D. Newell, Ragen, Roberts, Tremaine, Krieger, Schmeer, O'Scannlain & Neill,

Wayne Hilliard, Milo Petranovich, Marianne Schimelfenig, Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Janice M. Stewart, McEwen, Gisvold, Rankin & Stewart, Laurence L. Janke, Portland, Or., Walter H. Grebe, Timothy J. Murphy, Grebe, Gross, Peek, Osborne & Dagle, P.C., Eric J. Neiman, Paul R. Duden, Tooze, Marshall, Shenker, Holloway & Duden, Dennis H. Elliott, Elliott & Freedman, Portland, Or., for defendants.

REDDEN, District Judge:

This is a complex securities action naming thirty-three defendants. Thirteen of those defendants have filed motions to dismiss various portions of the complaint. The motions raise issues of standing, personal and subject matter jurisdiction, and assertions that plaintiffs have failed to state a claim upon which relief can be granted. After a thorough review of all the material submitted on these motions, I find that none have merit, and deny each. I do note that some of the motions presented may have merit at a later time, but are now premature.

## STANDARD

A complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In evaluating the complaint I must view it in the light most favorable to the plaintiffs, and then decide whether, with every doubt resolved in plaintiffs' behalf, the complaint states any valid claim for relief. *Russel v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980); C. Wright & A. Miller, Federal Practice and Procedure, §§ 1357, 1358 (1969).

## DISCUSSION

A. *Standing*

■ Defendants Robert Poirier, Margaret Poirier, Sheila Poirier, Bishoprick, Weaver, and Weaver and Layne move to dismiss the complaint on the grounds that plaintiffs are not the real parties in interest. Specifically, defendants argue, plaintiffs can only sue debtors of June S. Jones Co., and not third parties for securities fraud. Defendants also argue that plaintiffs are limited to suing only those persons or entities which could be sued by June S. Jones customers, because plaintiffs are limited to subrogation rights. Both arguments are without merit.

Plaintiffs are the Securities Investor Protection Corporation and Carl Neil, a trustee appointed under the Securities Investor Protection Act, 15 U.S.C. § 78aaa, *et seq.* (SIPA). Section 78fff–1 provides that a trustee appointed under SIPA has the same powers and duties of a Title XI bankruptcy trustee. A SIPA trustee is required by statute to investigate and report to the court any cause of action available to the debtor estate. 15 U.S.C. § 78fff–1(d)(3).

It is well settled that SIPA trustees have the same powers as bankruptcy trustees. *Gold v. Hyman*, CCH Fed.Sec.L.Rep., ¶ 95043 (S.D.N.Y.1975) [Available on WESTLAW, DCTU database]; *Bondy v. Chemical Bank*, CCH Fed.Sec.L.Rep., ¶ 95,360 (S.D.N.Y.1975) [Available on WESTLAW, DCTU database]. A bankruptcy trustee has the right to sue third parties for securities fraud on behalf of the debtor estate. *Buttrey v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 410 F.2d 135 (7th Cir.), *cert. denied*, 369 U.S. 838, 90 S.Ct. 98, 24 L.Ed.2d 88 (1969) (bankruptcy trustee has right to bring Rule 10b–5 suit against third party); *Hooper v. Mountain States Securities Corp.*, 282 F.2d 195, 207 (5th Cir.1960); *Carpenter v. Hall*, 311 F.Supp. 1099 (S.D.Tex.1970). *See also In re Couch*, 43 B.R. 56 (Bkrtcy.E.D.Ark. 1984) (if cause of action exists as to third parties on behalf of debtor estate, suit must be brought by trustee for the benefit of the estate); *In re Frigitemp*, 38 B.R. 563 (Bkrtcy.S.D.N.Y.1984) (trustee had power to sue third parties for racketeering, wire fraud, mail fraud and false declarations which injured debtor corporation). In *S.E.C. v. Albert McGuire Securities*, 560 F.2d 569 (3rd Cir.1977), the Court quoted

Collier on Bankruptcy in determining the powers of a SIPA trustee. Specifically, the Court quoted a section which states

> Thus, the SIPA trustee, upon order of the court, will have the combined powers of a trustee in ordinary bankruptcy ... and a federal equity receiver. In making available the additional rights and powers of a receiver in equity, it was the Congressional purpose to arm the trustee with even greater powers than those of a trustee in bankruptcy.[1]

3A Collier on Bankruptcy, ¶ 60.85(2), Fourteenth Ed. (1977).

The trustee appointed in this action has the power to sue the defendants named here for securities fraud, and any other claim June S. Jones might have against anyone else.

■ Defendants also contend that plaintiff SIPC is not a real party in interest in this action. SIPC is subrogated to the rights of June S. Jones and its customers, because it was June S. Jones' insurer, and it therefore is a proper plaintiff here. The SIPC has been analogized to the Federal Deposit Insurance Co. (FDIC) regarding the protection it provides. *SEC v. Albert McGuire Securities,* 560 F.2d at 571. The FDIC "stands in the shoes" of the insolvent bank, and possesses all rights the bank possesses to bring third party claims. *Federal Deposit Insurance Corp. v. Sumner Financial Corp.,* 602 F.2d 670 (5th Cir.1979).

SIPC and the court appointed trustee, Carl Neil, are proper plaintiffs and defendants' motions to dismiss the complaint, or any portion thereof, on these grounds are denied.

B. *Rule 9: Pleading with Particularity*

Fed.R.Civ.P. 9(b) provides:

in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

■ Rule 9(b) requires that the circumstances constituting fraud must be stated with particularity. However, it does not require the pleading of detailed evidentiary matter. *Walling v. Beverly Enterprises,* 476 F.2d 393 (9th Cir.1973). It only requires the identification of the circumstances constituting fraud so the defendant can prepare an adequate answer from the allegations. *Id.* at 397. *See also Riley v. Brazeau,* 612 F.Supp. 674, 677 (D.Or.1985). The requirements of Rule 9(b) also prevent the filing of a complaint as a pretext for "discovery of unknown wrongs" thereby protecting defendants from the harm that comes from being needlessly charged with fraudulent activities. *Semegan v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985). If the complaint has generally stated the time, place and nature of the alleged fraudulent activities, it will be sufficient for Rule 9(b). *Bosse v. Crowell, Collier & MacMillan,* 565 F.2d 602 (9th Cir.1977).

The various defendants have challenged over one hundred paragraphs of plaintiffs' complaint on the grounds of lack of particularity. I have reviewed each complaint of each defendant and find every one to be without merit. I will not discuss each challenged paragraph here. I do note that the complaint has alleged facts sufficient, as to each defendant, to give each "notice of the particular misconduct charged so that they can defend against the charge and not just deny that they have done anything wrong." *Id.*

Defendants' motions to dismiss plaintiffs' fraud claims on the grounds that they have failed to plead such claims with particularity are denied. Defendants' alternative motions to make these claims more definite and certain are likewise denied. I find that plaintiffs have stated their allegations with sufficient clarity.

C. *§ 10(b), Rule 10b–5 and Analogous Oregon Statutes*

The Poirier defendants, as well as defendants Peartree, Weaver, Weaver &

---

**1.** Although this section of SIPA has been amended since this Opinion, the broad duties of the trustee have not changed. The only pertinent alteration of the section requires the trustee to liquidate a stock broker who is also a commodity broker under the rules of the Commodities Exchange Act.

Layne and Bishoprick move to dismiss plaintiffs' claims under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.-10b-5 on the grounds that plaintiffs have failed to state a cause of action. Defendants also move to dismiss plaintiffs' claims under the analogous Oregon statutes, O.R.S. 57.115-.135, on the same grounds.

Defendant Bishoprick and the Poirier defendants challenge plaintiffs' § 10(b) claims on two grounds. First, they assert that the complaint alleges only breaches of fiduciary duties and that such do not amount to § 10(b) claims. Secondly, these defendants assert that plaintiffs have failed to allege any connection with the sale or purchase of any security. Defendants Weaver and Weaver & Layne assert plaintiffs' § 10(b) claims fail to allege any scienter on their part. All of these arguments are without merit.

■ "Section 10(b) is a 'catchall antifraud provision." *Hermann & MacLean v. Huddleston,* 459 U.S. 375, 382, 103 S.Ct. 683, 687, 74 L.Ed.2d 548 (1983). I find that plaintiffs have alleged fraudulent schemes, as opposed to breaches of fiduciary duties, exhaustively throughout the complaint. See ¶¶ 4-7, 74-81, 102-105, 144-148, 176-184, 197-199, 223-225, 247-250, 273-274, 291, 296, 302, 307 and 312. Plaintiffs have likewise pleaded that these fraudulent acts were in connection with the purchase or sale of securities. See ¶¶ 83-84, 108-109, 149, 197, 223, 247-250 and 273-275.

■ In a § 10(b) action a plaintiff must allege facts showing the role played by each defendant. The complaint must also contain sufficient facts from which an inference of scienter, as to each defendant, can be drawn. *Ross v. A.H. Robbins Co.,* 607 F.2d 545, 547 (2nd Cir.1979). In each of their claims against Weaver and Weaver & Layne plaintiffs have specifically alleged scienter. The claims also contain facts sufficient to infer the alleged scienter.

Defendants' motions to dismiss plaintiffs' § 10(b), Rule 10b-5 claims and analogous claims under O.R.S. 57.115-.135 are denied.

### D. § 17(a)

■ I have previously ruled that there is not a private right of action under § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q. *Ahern v. Gaussion,* 611 F.Supp. 1465, 1487 (D.Or.1985); *Brabham v. Patenta,* 614 F.Supp. 568, 569-71 (D.Or.1984). Although I still find the reasoning for my previous decisions to be sound, I am compelled to reverse those decisions on the basis of *Mosher v. Kane,* 784 F.2d 1385, 1391, slip op. at 12 (9th Cir.1986). In that case the Ninth Circuit reaffirmed its position in *Stephenson v. Calpine Conifers II, Ltd.,* 652 F.2d 808 (9th Cir.1981), and stated that it recognizes an implied private right of action under § 17(a). This recent decision no longer permits me to hold that there is no implied private cause of action. Accordingly, defendants' motions to dismiss plaintiffs' § 17(a) claims are denied.

### E. § 12(2)

■ Defendants McColl, Weaver, Weaver & Layne, Margaret Poirier, Sheila Poirier, Robert Poirier and Peartree Investments move to dismiss some of plaintiffs' claims under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l* (2) on the grounds that § 12(2) does not provide for aider and abettor liability.

I have ruled that § 12(2) does not provide for aider and abettor liability. *Ahern v. Gaussoin,* 611 F.Supp. at 1486. I issued that ruling on defendants' motions for summary judgment in which affidavits and other factual materials were submitted indicating that certain defendants had acted only as aiders and abettors.

In the present action all I have before me are the pleadings and the parties' motions and memoranda. Although aider and abettor liability is not provided for by § 12(2), that section does provide for participant liability. *Anderson v. Aurotek,* 774 F.2d 927, 930 (9th Cir.1985); *Ahern,* 611 F.Supp. at 1485. I decline to dismiss any § 12(2) claims at this time. I cannot say at this early stage that plaintiffs will be unable to

prove any set of facts against these defendants to establish participant liability. However, it may be necessary to dismiss § 12(2) claims against individual defendants in motions for summary judgment scheduled for a later time.

Defendants' motions to dismiss certain of plaintiffs' § 12(2) claims are denied.

### F. *Personal Jurisdiction over Defendant Duncan*

Defendant Duncan moves for an order dismissing him from the action because the court lacks personal jurisdiction over him. Duncan has submitted an affidavit stating that he is a resident of Canada and that he has never resided in Oregon. He also states that he is President of a Canadian oil company that has never done business in Oregon and that he personally has never conducted any business in Oregon. He further states that he has not utilized any means of interstate commerce to contact anyone in Oregon associated with June S. Jones Co., nor has he ever authorized a sale of R.F. Oil shares to June S. Jones Co.

Plaintiffs argue that Mr. Duncan's deposition is scheduled to be taken in mid-April and that they may be able to establish that he did in fact authorize the sale of R.F. Oil stock to June S. Jones. Because Mr. Duncan is to be deposed in the near future I deny his motion to dismiss. However, Mr. Duncan is free to renew his motion after the deposition if he still thinks that plaintiffs can prove no set of facts to invoke personal jurisdiction over him.

### G. *RICO and ORICO*

■ The Poirier and Weaver defendants and Bishoprick and Duncan move to dismiss plaintiffs' Ninth and Tenth claims which allege violations of the Racketeering Influenced Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, and the analogous Oregon statute, O.R.S. 166.715 *et seq.* (ORICO). Defendants argue that plaintiffs have failed to allege either a pattern of racketeering activity or a nexus between the alleged pattern and the specified enterprise. Defendant Duncan further

argues that plaintiffs have failed to allege at least two predicate acts. I find all of these arguments to be without merit.

In order to state a claim under RICO a plaintiff must allege the 1) conduct, 2) of an enterprise, 3) through a pattern, 4) of racketeering activity. *Miller v. Glen and Helen Aircraft*, 777 F.2d 496, 498 (9th Cir. 1985). To establish a pattern of racketeering activity at least two predicate acts must be pleaded. *Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985).

In plaintiffs' Ninth Claim for relief they assert that some defendants, through MSM Systems, conducted a pattern of racketeering activity which included numerous instances of mail, wire and securities fraud. This is sufficient to state a claim under RICO and ORICO. Plaintiffs' Tenth Claim for relief alleges that some defendants, through MSM Systems, MSM Marketing and Dunsmuir, conducted a pattern of racketeering activity, which included numerous instances of mail and securities fraud. This also is sufficient to state a claim under RICO and ORICO.

I note that the pattern alleged, mail and securities fraud, and the enterprise, MSM Systems, are closely related. The securities that plaintiffs allege were sold were MSM stock and stock of related companies. Thus for defendants to argue that there is no nexus between the two is totally without merit. Likewise, defendant Duncan's argument that plaintiffs have failed to allege at least two predicate acts is groundless. I deny defendants' motion to dismiss plaintiffs' RICO and ORICO claims.

### H. *Civil Conspiracy*

■ The Weaver defendants and Bishoprick have moved to dismiss plaintiffs' Eleventh Claim, which alleges a civil conspiracy among some of the defendants. The Weaver defendants argue that plaintiffs have named them in only one of the claims that forms the basis for the civil conspiracy charge. The Weaver defendants and Bishoprick further argue that

plaintiffs have failed to allege that they intended to cause injury to June S. Jones.

A conspiracy is an agreement between two or more persons to accomplish some criminal or unlawful purpose or to accomplish some lawful purpose by unlawful means. *Bliss v. Southern Pacific Co.,* 212 Or. 634, 641, 321 P.2d 324 (1958). Each member of the conspiracy is liable for all acts done in furtherance of the conspiracy, whether or not he actually performed the act. *Beltz Travel Service v. International Air Transport Association,* 620 F.2d 1360, 1367 (9th Cir.1980).

There is no requirement that plaintiffs allege that the Weaver defendants are liable on all claims, or even some of the claims, that they contend constitute the civil conspiracy. Instead all plaintiffs need to allege is that the defendants conspired with one another to perform a criminal act. If plaintiffs can prove the existence of a conspiracy and that defendants were members of the conspiracy then they will be liable for all the acts of other conspirators that were done in furtherance of the conspiracy.

Defendants' argument that plaintiffs have failed to allege that they intended to harm June S. Jones is frivolous. Paragraph 312 of the complaint states that these defendants and others agreed to defraud June S. Jones. I cannot imagine how an affirmative agreement to defraud an individual could be void of the intent to cause harm. Plaintiffs have alleged a sufficient claim for civil conspiracy and defendants' motions to dismiss the Eleventh Claim are denied.

### I. *Miscellaneous Motions to Dismiss*

#### 1. *Count 4 of Plaintiffs' Third Claim*

■ Bishoprick moves to dismiss Count 4 of plaintiffs' Third Claim, which alleges a violation of § 9 of the Securities Exchange Act of 1934, 15 U.S.C. § 78i, because that section provides liability only for misleading statements and not for omissions. Paragraph 164 of the complaint alleges that defendants Poirier and Tisdale made false and misleading statements and that

the misleading statements affected the price of a stock purchased by June S. Jones. Thus, even if Bishoprick's argument was correct, and I do not concede that it is, plaintiffs have correctly stated a § 9 claim. Defendant's motion to dismiss Count 4 of plaintiffs' Third Claim is denied.

#### 2. *Fifth Claim*

■ Defendants Robert Poirier, Margaret Poirier and Peartree Investments move to dismiss the Fifth Claim because it fails to state any damage resulting from the alleged acts. Plaintiffs' Fifth Claim asserts that some defendants devised a scheme to defraud June S. Jones by inducing it to accept nonsufficient funds checks. The moving defendants argue that all the checks written by them and returned for nonsufficient funds were eventually covered. Plaintiffs admit that this is true.

Plaintiffs allege, however, that there were significant time lapses before the checks, which were for substantial sums, were covered. Accordingly, plaintiffs argue, June S. Jones lost the value and the use of that money between the time the checks were returned and eventually covered. I find this to be sufficient allegation of damage and deny the motion to dismiss plaintiffs' Fifth Claim.

#### 3. *Fourth Claim—Borealis Stock*

■ Defendant Sheila Poirier moves to dismiss plaintiffs' Fourth Claim against her on the grounds that plaintiffs have not alleged she violated any securities laws. I find that plaintiffs' Fourth Claim adequately alleges that Sheila Poirier aided and abetted in securities laws violations and thus deny this motion.

#### 4. *Pendent Jurisdiction*

The Weaver defendants and Bishoprick move to dismiss plaintiffs' pendent state claims against them in the event that I dismiss the federal claims against them. I have not dismissed those claims, and therefore deny this motion.

### 5. *Paragraph 75 and Damages*

I deny defendant Bishoprick's motion to strike paragraph 75 as pleading immaterial facts. I find the allegations set forth in paragraph 75 to be pertinent to this action.

The Poirier defendants and Bishoprick move to strike or limit the amount of damages plaintiffs can recover. Defendants assert that damages should be limited to the price June S. Jones customers paid for stock they were fraudulently induced to buy or by the amount SIPC has paid out to the customers. I deny this motion. As noted earlier in my discussion of plaintiffs' standing to bring this action, I held that plaintiffs stand in the shoes of June S. Jones, and are entitled to recover whatever amounts June S. Jones could. I further note that defendants offer no authority whatsoever for this position.

### CONCLUSION

I deny each defendant's motions to dismiss or in the alternative to make more definite and certain, in their entirety.