### JURISDICTION OF MUNICIPAL COURT.

Court of Appeals for Hamilton County.

P. A. KECK, EXECUTOR, v. HARRY BAHLKE.

Decided, June 12, 1916.

*Executors—Action for Maintenance of Decedent—Within Jurisdiction of Municipal Court of Cincinnati.*

The Municipal Court of Cincinnati has jurisdiction of an action to enforce a claim against an executor for maintenance of the decedent.

*L. D. Oliver and Walter M. Beinhart,* for plaintiff in error. *M. Muller,* contra.

JONES (E. H.), J.

Heard on error.

The plaintiff in error seeks a reversal of the judgment of the common pleas court affirming the municipal court of Cincinnati. In the municipal court Bahlke recovered a judgment against Keck, executor, for board and lodging furnished decedent, who was the mother of Mrs. Bahlke. The amended petition alleges an express contract providing for compensation at the rate of two dollars per week.

There was evidence of two competent witnesses to the effect that when the old lady came to live with Mr. and Mrs. Bahlke

she agreed to pay Bahlke two dollars per week. This evidence was uncontroverted. Some evidence was received as to another contract providing for the payment of five dollars per month for lodging. This evidence related to conversations between witnesses and decedent in the absence of Bahlke and was clearly inadmissible, as was much of the evidence offered and received on behalf of defendant. But considering all the evidence in the record, we can not say that the judgment is not supported by sufficient evidence.

The remaining question is one of jurisdiction. Plaintiff in error attacks the jurisdiction of the municipal court in this kind of an action. The question was not raised until this court was reached, and it is claimed the objection was thus waived and that complainant is now estopped. We are inclined to the opinion that this point is not well taken but do not deem it necessary to decide the question.

The municipal court, by the statute creating it, has jurisdiction to try and determine this kind of an action. The plaintiff in his petition below asked not only that his claim be allowed, but also for judgment against the defendant executor. The law provides (103 O. L., 280, 281):

Section 6. ''The municipal court shall have the same jurisdiction in criminal matters and prosecutions for misdemeanors or violations of ordinances as heretofore had by the police court of Cincinnati, and in addition thereto shall have ordinary civil jurisdiction within the limits of said city of Cincinnati in the following cases: * * *.

''2. In all actions and proceedings for the recovery of money or personal property of which the court of common pleas has, or may be given jurisdiction, when the amount claimed by any party, or the alleged value of the personal property sought to be recovered, does not exceed $600. * * *

''3. All actions on contracts express or implied, when the amount claimed by the plaintiff is exclusive of all costs, does not exceed $600.'' * * *

These provisions are not affected by amendment.

It was held in *Kennedy* v. *Thompson*, 3 C. C., 446, that a suit for the allowance of a claim against an assignee where no money

judgment was asked, was a civil action of which the court of common pleas had original jurisdiction.

The case at bar was brought under authority of Section 10722, General Code, which provides as follows:

"If a claim against the estate of a deceased person be exhibited to the executor or administrator, before the estate is represented insolvent, and be disputed or rejected by him, and has not been referred within six months after such dispute or rejection, if the debt, or any part of it be then due, or within six months after some part becomes due, the claimant must commence a suit for the recovery thereof, or be forever barred from maintaining an action thereon. No action shall be maintained thereon after such period by a person deriving title thereto from such claimant."

Section 10725, General Code, recognizes this kind of an action as one for money, in other words, a civil action.

It seems clear, therefore, that the municipal court had jurisdiction to try and determine this case, and there being no error, the judgment is affirmed.

JONES (Oliver B.), J., and GORMAN, J., concur.