[No. 33840. Department Two. February 25, 1957.]

Roy L. Peterson, *Appellant*, v. Robert W. Johnson, *as Administrator, Respondent.*[1]

*Chester A. Lesh,* for appellant.

*Whitmore, Vinton & Powers,* for respondent.

Donworth, J.—The question presented by this appeal may be stated as follows: May the vendor of personal property, sold on conditional sale contract, maintain a replevin action against the duly appointed and qualified special administrator in possession thereof, when the deceased vendee was at the time of his death in default in his payments, but the vendor had not, prior to the vendee's death, declared his intention to forfeit the vendee's rights under the contract nor taken any legal steps to terminate the contract? The trial court answered this question in the negative and sustained defendant's demurrer to the complaint. Accordingly, it entered judgment dismissing plaintiff's action with prejudice, "for the reason and upon the grounds that the defendant is a special administrator of the property upon which the plaintiff's action is based."

[1]Reported in 307 P. (2d) 564.

The basic allegations of plaintiff's complaint may be summarized as follows:

Plaintiff was the owner of the name, goodwill, leasehold interest, inventory of stock in the amount of three thousand dollars, furniture, fixtures, equipment, licenses, and the business of the Golden Goose Cafe and Cocktail Bar in Seattle. On February 9, 1954, plaintiff, as seller, entered into a conditional sale contract with Floyd A. Johnson, as purchaser, to sell this personal property to the latter for forty-one thousand dollars, of which twelve thousand dollars was paid at the time of execution. A copy of the contract, attached to the complaint, stated that possession of the property was to be taken by the vendee on February 15, 1954. The contract also provided that the vendee should make monthly payments in the sum of five hundred dollars until the balance of the purchase price (twenty-nine thousand dollars) had been paid, together with interest as therein stipulated.

Beginning with the month of August, 1954, Floyd A. Johnson, as vendee, paid to plaintiff only three hundred dollars per month until and including December, 1955. No payments were made by the vendee for the months of January, February, March, and April, 1956. Floyd A. Johnson died on April 20, 1956. Defendant, Robert W. Johnson, was appointed and qualified as special administrator of the estate of Floyd A. Johnson on April 23, 1956, and on this date took possession of the cafe and the personal property therein.

On April 25, 1956, plaintiff served on defendant a notice of his intention to declare a forfeiture of the vendee's rights and to cancel the contract. The notice required defendant either to pay the sum of twelve hundred dollars within one day (that is, on April 26, 1956) or, in the alternative, to surrender possession of the personal property to plaintiff.

No payment or surrender having been made, plaintiff, on April 27, 1956, served on defendant, special administrator, a notice entitled "Declaration of Forfeiture," and at once commenced this replevin action to forfeit the contract and recover possession of the property *and the premises*. He

posted a replevin bond, and the sheriff took possession of the cafe and the personal property therein. As stated above, defendant's demurrer to the complaint was sustained, and judgment was entered dismissing the action with prejudice.

Pending this appeal, defendant was appointed and qualified as general administrator of the estate of Floyd A. Johnson, deceased, and he has been substituted as respondent on this appeal by order entered by the chief justice on July 14, 1956.

We need consider only appellant's first assignment of error, since all three are, in effect, covered by the first, which states that:

"The Superior Court erred in sustaining defendant's demurrer to plaintiff's complaint on the sole ground that the defendant is a special administrator."

The argument advanced in support of this assignment of error is stated in appellant's brief, as follows:

"Plaintiff sues as owner and *as the one entitled to possession*. Defendant, special administrator, qualified as defendant for the reason that he had the property in his possession. Anyone in his position would be a proper party defendant." (Italics ours.)

Appellant, in his brief, and in his argument before this court, repeatedly asserted his right to immediate possession of the property following service of the declaration of forfeiture upon respondent and commencement of this replevin action. Both events occurred on April 27, 1956.

Fundamentally, this premise is fallacious, because there was no attempt to forfeit the contract during the lifetime of the vendee, and therefore, appellant's right to immediate possession (if it exists) must depend upon the course of action taken by the appellant subsequent to vendee's death, which occurred on April 20, 1956. Appellant concedes that the contract was in full force and effect on that date, since no default had been declared.

Whether or not appellant was entitled to the immediate possession of the personal property in question at the time he instituted this action, depends upon whether respondent,

as special administrator, was a proper party defendant in these proceedings. The statutes relating to special administrators are found in RCW 11.32.010 *et seq.*

RCW 11.32.010 provides for the appointment of a temporary or special administrator "to collect and preserve the effects of the deceased." The next section provides for his bond, and the following section authorizes the special administrator to "collect all the goods, chattels, and debts of the deceased, and preserve them for the executor or administrator thereafter appointed," and empowers him to "also sell such perishable and other goods as the court" shall order sold. The next section provides that when the general administrator is appointed, the special administrator shall forthwith deliver to him all the property and effects that have come into his possession. The last section to which we shall refer (RCW 11.32.050) provides:

> "*Such special administrator shall not be liable to an action by any creditor of the deceased,* and *the time for limitation of all suits against the estate shall begin to run from the time of granting letters testamentary or of administration* in the usual form, in like manner as if such special administration had not been granted." (Italics ours.)

In the case of *In re Holm's Estate,* 141 Wash. 475, 252 Pac. 145, this court stated that under the provisions of these statutes the powers of a special administrator are quite limited, and that he is authorized to do little other than collect and preserve the effects of the deceased until a general administrator or executor is appointed and qualifies.

The only other pertinent case in this jurisdiction interpreting these statutes which has been called for our attention, is *Ward v. Magaha,* 71 Wash. 679, 129 Pac. 395. There, a creditor brought suit to recover on a claim which had been filed with the special administrator who had rejected the claim. No claim had been filed with the executor who was thereafter appointed and qualified. This court affirmed the trial court's dismissal of the action, stating:

> "It is clearly the policy of our law to keep the administration of estates within the hands of regularly appointed

administrators, and to rely upon special administrators only in cases of emergency and for a limited time.

"The powers of a special administrator are purely statutory, and are limited to the collection and preservation of the personal estate and to caring for the real property for the general administrator when appointed. He has no power to exercise the powers and duties conferred upon a regular administrator, 'such as the allowance of claims.' [Citing cases]."

■■ The property, the possession of which appellant seeks to have the sheriff take in this case, was already in *custodia legis. Isbell v. Heiny,* 218 Ind. 579, 33 N. E. (2d) 106. Since the probate department of the superior court had the property under its control, there was no reason for another department of the superior court to deprive it of such control by taking possession of the property through the sheriff. *State ex rel. Towne v. Superior Court,* 24 Wn. (2d) 441, 165 P. (2d) 862. The statutes relating to the general administration of estates afford appellant an adequate remedy in the situation in which he finds himself. *Rennie v. Washington Trust Co.,* 140 Wash. 472, 249 Pac. 992; *Bailey v. Schramm,* 38 Wn. (2d) 719, 231 P. (2d) 333.

In view of the statutory provisions hereinbefore quoted, and the *Holm's Estate* and *Ward* cases, *supra,* we must hold that this action cannot be maintained. The trial court was correct in sustaining respondent's demurrer to the complaint, and its order dismissing the action is hereby affirmed.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.