[No. 55151–1.   En Banc.   July 6, 1989.]

KEITH A. SUTTON, *Respondent,* v. LAURIE O. HIRVONEN,
ET AL, *Petitioners.*

*Hackett, Beecher & Hart,* by *John A. Hackett,* for petitioners Hirvonen.

*Pinckney M. Rohrback, Paulette Peterson,* and *Keller Rohrback,* for petitioner Allstate Insurance.

*Patrick D. McMullen* and *McIntosh, Lewis, Evans & Nielsen,* by *Wm. H. Nielsen,* for respondent.

*Sylvia Luppert* on behalf of Washington Defense Trial Lawyers, amicus curiae for petitioners.

UTTER, J.—Petitioners Allstate Insurance Company (Allstate), Mrs. Hirvonen, and the estate of Mr. Hirvonen, challenge certain statements made by the Court of Appeals after it essentially vacated the judgment against all defendants in an automobile liability suit. The Court of Appeals stated that Allstate, Mr. Hirvonen's insurer, would be bound as a party if it had controlled the insured's defense and remanded to determine the issue of control. The court added that Mrs. Hirvonen, a defendant, could not relitigate any issue decided at trial in any subsequent action. We affirm the appellate court's action in vacating the judgment but reverse its decision to remand. Neither Mrs. Hirvonen nor Allstate is bound by the issues litigated supporting the vacated judgment.

In an automobile accident on May 4, 1982, Mr. Laurie Hirvonen's car rear-ended a truck driven by Mr. Keith Sutton. On January 31, 1984, Sutton filed a complaint seeking damages against "the defendants and each of them," who are identified in the caption as "Laurie O. Hirvonen and Jane Doe Hirvonen, husband and wife." Mr. Hirvonen died intestate on February 1, 1984, prior to service of summons and complaint.

On October 8, 1984, Mr. K.R. St. Clair petitioned the court for appointment as special administrator of Laurie Hirvonen's estate for the purpose of accepting service of the Sutton complaint. The court granted the petition and St. Clair accepted the service of summons and an amended complaint naming the Hirvonen estate. However, Sutton never filed the amended complaint.

On November 6, 1984, an amended notice of appearance was filed on behalf of Laurie and Jane Doe Hirvonen. In accordance with the insurance policy, Allstate retained counsel to represent the Hirvonens. Defendants conceded

the issue of negligence. During December 1985, trial proceeded to separate damages attributable to the accident from losses caused by previous work–related injuries.

The jury returned a general verdict in favor of Sutton for $260,000. The judgment summary described the judgment debtors as Mr. and Mrs. Hirvonen and the estate of Mr. Hirvonen.

Before entering judgment on December 30, 1985, the court heard arguments for judgment n.o.v. and for a new trial based on excessive damages, erroneous jury instructions, and failure to file a claim against the estate. Although it does not appear in the motions, counsel also argued lack of jurisdiction over the estate for failure to file the amended complaint and the illegality of holding Mrs. Hirvonen separately liable. Supplemental Report of Proceedings, vol. II, at 3–5, 20–21. The court orally denied the motions December 30, 1985, and the order issued January 27, 1986. Mrs. Hirvonen appealed. Mr. Tom Prater was appointed personal representative of the Hirvonen estate on September 2, 1986. On September 12, 1986, the estate and Mrs. Hirvonen filed posttrial CR 60(b) motions to vacate based on failure to substitute the estate and the illegality of holding Mrs. Hirvonen personally liable. The trial court denied these as well and Mrs. Hirvonen and the estate appealed.

After consolidating the appeals, Division One of the Court of Appeals vacated the judgment against Mr. Hirvonen and the Hirvonen estate for lack of personal jurisdiction. Mr. Hirvonen was never personally served. The court found that Sutton never filed the amended complaint naming the estate and that he improperly served the summons and complaint on a special administrator. He did not petition the court for appointment of a personal representative as required by statute. The court also vacated the judgment against Mrs. Hirvonen, finding void any judgment against her property, either community or separate, inasmuch as Sutton never brought the estate before the court and Mrs.

Hirvonen was not separately liable. By implication, the court vacated judgment against the marital community.

The Court of Appeals then remanded the case to determine whether Allstate controlled the defense at trial. If it had, the court stated, Allstate would be considered a party and would be bound by the trial court's findings and conclusions under principles of res judicata and estoppel by judgment. Moreover, the court held that in any future action against the estate or the former marital community, Mrs. Hirvonen would be precluded from relitigating the issues decided in the first action.

Allstate moved to intervene at the appellate level. The Court of Appeals denied this motion as well as motions to reconsider brought by Allstate and Mrs. Hirvonen.

This case presents three issues: first, whether the Court of Appeals erred by vacating the judgment; second, whether Allstate may be bound by the judgment; and third, whether Mrs. Hirvonen may be bound by issues litigated in support of the vacated judgment. Our resolution of these issues renders moot the Hirvonen challenge to a jury instruction.

I

Respondent argues that the Court of Appeals erred by vacating the judgment for lack of personal jurisdiction. We find no error. The question is more than mere insufficient service of process—there was no proper party defendant before the court.

Generally, lack of personal jurisdiction must be pleaded in the answer or in a pretrial motion to dismiss or it is waived. CR 12(h)(1). Respondent argues that by defending this action, counsel waived objections to personal jurisdiction. *See Northwest Adm'rs, Inc. v. Roundy*, 42 Wn. App. 771, 713 P.2d 1127 (1986) (a party may waive personal jurisdiction by failure to follow CR 12(h)(1)); *Raymond v. Fleming*, 24 Wn. App. 112, 600 P.2d 614 (1979) (defense counsel's dilatory and inconsistent acts can constitute waiver or estoppel); *In re Marriage of Maddix*, 41 Wn.

App. 248, 703 P.2d 1062 (1985); *see also Sanders v. Sanders,* 63 Wn.2d 709, 714, 388 P.2d 942 (1964).

Petitioners counter that the cases hold only that a *party* may waive by defending. The estate was never named a party; the complaint was never filed; and the personal representative did not and could not enter the action until appointed, which was after the judgment. We agree.

Because Laurie Hirvonen died before being served, he was not a party before the court. Mrs. Hirvonen has no separate liability, RCW 26.16.190, and the community property cannot be reached without making the estate a party. At one party's death, the community ceases to exist. "All of the former community property is administered in the estate of the decedent . . ." Cross, *The Community Property Law in Washington (Revised 1985),* 61 Wash. L. Rev. 13, 145 (1986); RCW 11.02.070.

Although Allstate had contracted to provide defense counsel for its insured, that counsel could represent only a proper party defendant. Both statutes dealing with claims against an estate and those dealing with survival of actions against a deceased tortfeasor contemplate only actions against personal representatives. *See* RCW 11.40; RCW 4.20.046; RCW 4.20.050. Instead of petitioning for the appointment of a personal representative, Sutton served summons and complaint upon a special administrator, who had no power to accept service of process. *See* RCW 11.32; *Ward v. Magaha,* 71 Wash. 679, 129 P. 395 (1913); *In re Estate of Holm,* 141 Wash. 475, 252 P. 145 (1927); *Peterson v. Johnson,* 49 Wn.2d 869, 307 P.2d 564 (1957). Defense counsel could not represent the estate until after the appointment of the personal representative. *State v. Kaiser,* 297 Or. 399, 683 P.2d 1004 (1984); *Pfeffer v. Gramse,* 50 N.Y.S.2d 74 (1944) (attorney is without authority until authorized to act by successor in interest).

Moreover, counsel for respondent *never filed the amended complaint* naming the estate as a party. The civil rules do not contemplate a waiver of filing requirements. Civil Rule 5(d) applies to filing amended complaints. *See*

3A L. Orland, Wash. Prac., *Rules Practice* § 5076, at 55–58 (1980). CR 5(d)(1) requires that all papers served on a party "shall be filed with the court either before service or promptly thereafter." The comparable federal rule requires filing "within a reasonable time" thereafter. Fed. R. Civ. P. 5(d). If the rule is not followed, the court may, on 5 days' notice, strike the pleading or dismiss the action unless good cause is shown for extension of time. CR 5(d)(2); 3A L. Orland § 5076.

Because the estate was never before the court, the defense counsel could not waive the jurisdictional issue by defending. *See Wells v. Wells,* 376 So. 2d 750 (Ala. Civ. App. 1979). Appellate courts may consider the issue. RAP 2.5(a).

Respondent also contends that principles of estoppel should have precluded the defendants from raising their jurisdictional issue. This court has previously rejected an estoppel argument in a case involving failure to follow statutory requirements for proceeding against an estate. In *State ex rel. Patchett v. Superior Court,* 60 Wn.2d 784, 375 P.2d 747 (1963), the insurance company and the plaintiff were negotiating settlement of a wrongful death claim. There was no issue of liability, merely the amount of damages to be paid. Nevertheless, the court held that the nonclaim statute, RCW 11.40.010, is mandatory and that estoppel cannot prevent a personal representative from denying the claim on any ground including lack of timely filing. *Patchett,* at 787–88. Although time limits have been modified by RCW 11.40.011 and CR 25, the personal representative is still bound by other statutory requirements.[1]

---

[1]Case law indicates that the nonclaim statute is not mandatory in all respects. When a claim is pending at a party's death, substitution of the executrix of the estate by court order eliminates the statutory requirement for filing a claim in probate. *Alexander v. Highfill,* 18 Wn.2d 733, 140 P.2d 277 (1943). The filing of a claim serves as notice, which would be unnecessary with the court order. *Alexander* does recognize service on an administrator appointed by court order, but in the cases cited, those administrators were personal representatives, not special administrators.

The denial of estoppel is appropriate here where plaintiffs failed to follow statutory procedures for substitution following the death of a party. RCW 11.40.100 requires substitution of "the personal representative." The language is mandatory. There is no indication that any other person may accept service on behalf of the estate. *See also* CR 25; 15 L. Orland & K. Tegland, Wash. Prac., *Trial Practice* § 593 (1986). Because principles of waiver and estoppel do not apply in this case, the Court of Appeals properly vacated the judgment.

## II

The opinion of the Court of Appeals suggests that the judgment was only partially vacated, stating that Allstate may be bound and liable as a party defendant if it controlled the defense at trial. Allstate contends it should have been allowed to intervene at the appellate level because its rights were first affected when the Court of Appeals issued its decision. Before that point, no party had raised or litigated the issue of Allstate's *independent* liability to Sutton. Any obligation Allstate may have had was predicated on the liability of its insured—Mr. Hirvonen. Only when the Court of Appeals vacated the judgments against the Hirvonens, did it state that Allstate could be independently liable.

Acknowledging that the rules of appellate procedure do not provide for intervention, Allstate argues by analogy to CR 24(a). That rule provides for mandatory intervention at trial when the disposition of the action may impair or impede a person's ability to protect a related interest unless that interest is adequately represented by existing parties.

■ Because we so rarely have cause to consider intervention at the appellate level, we have not found it necessary to develop a rule. Nonetheless, we may consider the issue if justice demands. RAP 1.2(a), (c); RAP 18.8(a). Here, it is appropriate to analogize to CR 24(a). Allstate's independent liability *first* became an issue when the Court

of Appeals entered its decision; no party represented All-state's independent interest in either the trial court or the Court of Appeals. Therefore, in the interest of justice, we consider the remand.

It is unclear whether the Court of Appeals intended to bind Allstate to the judgment, to the findings and conclusions of law, or to the issues necessarily decided and determined. Mr. Sutton agrees that the opinion precludes relitigation of the extent of the insured's liability and of damages. However, additional language in the opinion states that Allstate *is liable* to Sutton if it controlled the defense at trial.

■ The insurance company is not bound when the insured is not bound. The "insurance company cannot be required to pay a claim against the deceased unless and until a judgment is obtained against his estate. The insurance company is liable only if the estate is liable." *Messer v. Estate of Shannon,* 65 Wn.2d 414, 415, 397 P.2d 846 (1964); *State ex rel. Patchett v. Superior Court, supra* at 787; *see also* 8 J. Appleman, *Insurance* § 4812, at 350 (1981) ("[g]enerally the insurer stands in the shoes of the insured and is only liable when the insured is liable"). Because the Court of Appeals vacated the judgment against the deceased insured and his estate, Allstate is not bound by the judgment.

## III

■ Principles of estoppel cannot preclude Mrs. Hirvonen from relitigating issues relating to the extent of liability and damages. "A judgment which has been vacated is of no force or effect and the rights of the parties are left as though no such judgment had ever been entered." *In re Estate of Couch,* 45 Wn. App. 631, 634, 726 P.2d 1007 (1986) (citing *Weber v. Biddle,* 72 Wn.2d 22, 28, 431 P.2d 705 (1967)); *see also State v. Dorsey,* 40 Wn. App. 459, 464, 698 P.2d 1109 (collateral estoppel applies where there is a *valid* final judgment, citing *Ashe v. Swenson,* 397 U.S. 436, 443, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970)), *review denied,*

104 Wn.2d 1010 (1985); Restatement (Second) of Judgments § 27 (1982); *North Pac. S.S. Co. v. Guarisco,* 49 Or. App. 331, 619 P.2d 1306, 1307 (1980) (because previous case had been reversed and remanded for lack of personal jurisdiction, the decree could have no collateral estoppel effect); *Dodrill v. Ludt,* 764 F.2d 442, 444 (6th Cir. 1985) (the "general rule is that a judgment which is vacated, for whatever reason, is deprived of its conclusive effect as collateral estoppel").

In this case, the trial court pronounced judgment against the defendants, naming Hirvonen and Mrs. Hirvonen, husband and wife, and the estate. The Court of Appeals vacated the judgment against Hirvonen, his estate, and Mrs. Hirvonen. By stating that Sutton could not collect against the community property because he had not brought the estate into the court, the court essentially vacated judgment against the community. As explained above, the court could not extend the judgment by making Allstate a party defendant. Because it vacated the judgment against all parties to that suit, it has effectively precluded any collateral or direct estoppel effect.

For these reasons, we affirm the decision of the Court of Appeals to vacate the judgment below, but we reverse its decision to remand.

CALLOW, C.J., BRACHTENBACH, DORE, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., and STEERE, J. Pro Tem., concur.