34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Jack T. CHAMPION, Debtor.
Michael R. MASTRO; Joan K. Mastro, Estate of, Petitioners-Appellants,
v.
Jack T. CHAMPION, Respondent-Appellee.
 No. 93-35561.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1994.*
Decided Aug. 11, 1994.
 
 Before: WRIGHT, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The bankruptcy court issued an order which declared that deeds of trust held by Michael R. Mastro did not cover a fee interest of Darold R.J. Stenson in a certain parcel of real property. It declared, instead, that Mastro's lien was on Stenson's interest in a real estate contract between Stenson and Jack T. Champion. The bankruptcy court then determined that Mastro's interest was terminated when Stenson forfeited his interest in the real estate contract. The district court affirmed. Mastro appeals.
 
 
 3
 Although the parties sometimes direct us from this case's channel to its pools and shallows, when all is said and done there is one principal issue: What was Stenson's interest? Mastro essentially contends that he does not claim a lien through a real estate contract that existed between Champion and Stenson. He has no apparent desire for a decision that he could possibly foreclose upon a contractual interest of Stenson and then step into Stenson's shoes as a holder of an interest in the contract. Cf. Kendrick v. Davis, 452 P.2d 222, 225-26 (Wash.1969) (discussion of Washington law regarding mortgages on contract purchasers' rights); In re Scott, 829 F.2d 865, 868-69 (9th Cir.1987) (same). Furthermore, he never tendered performance under a contract. Cf. Chambers v. Cranston, 558 P.2d 271, 273-74 (Wash.Ct.App.1976), rev. denied, 89 Wash.2d 1006 (1977). Rather, Mastro asserts that he has a lien on a fee interest held by Stenson, and he relies upon a decision of the Washington Superior Court to establish that proposition. His case stands or falls on that decision. Thus, it must fall.
 
 
 4
 The Washington Superior Court decision was ambiguous, but it could conceivably be read to support Mastro's position. However, an appeal was taken, and the ambiguity has since been clarified by the Washington Court of Appeals. It stated that Stenson's interest was that of a vendee in a real estate contract and that the decree misdescribed Stenson's interest in the home as an undivided 50 percent interest, rather than a divided 50 percent interest. It ordered that "the decree should be amended to reflect accurately the ownership interest of Champion and Stenson" in the property. Because that portion of the decree which describes Stenson's interest was vacated on appeal, it is not entitled to res judicata effect. See Sutton v. Hirvonen, 775 P.2d 448, 452 (Wash.1989). On the contrary, it is perfectly clear that Stenson did not have a fee interest in the property. As a result, Mastro's lien could not have been upon a fee interest held by Stenson.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3