191 P.3d 1282 (2008)
HARBOR LANDS LP, a Washington limited partnership, Respondent,
v.
CITY OF BLAINE, a Washington municipal corporation, Appellant.
No. 60079-6-I.
Court of Appeals of Washington, Division 1.
September 2, 2008.
*1283 Jonathan Kolb Sitkin, Chmelik Sitkin & Davis PS, Bellingham, WA, Seth Ananda Woolson, Attorney at Law, Bellingham, WA, Bret S. Simmons, Roy & Simmons PS, Bellingham, WA, Eric Edmond Roy, Roy Simmons & Parsons, Bellingham, WA, for Appellant.
Thomas Gregory Greenan, Zender Thurston PS, Bellingham, WA, Katherine H. Hohn, Harbor Lands LP, Bellingham, WA, for Respondent.
DWYER, A.C.J.
¶ 1 The hypothetical preclusive effect of a trial court judgment upon issues raised in a separate lawsuit does not constitute a cognizable legal right, preventing a case from becoming moot. This case was moot at the time the superior court entered judgment. Accordingly, we vacate that judgment and remand the cause to the superior court with directions to enter an order of dismissal with prejudice.

I
¶ 2 Harbor Lands purchased the property that is the subject of this appeal in 2003. The property is located within the boundaries of the City of Blaine. Harbor Lands' objective in purchasing the property was to construct a waterfront condominium project. That construction project is now complete, occupancy permits have been issued, and Harbor Lands is actively marketing the condominium units for sale.
¶ 3 During construction, the City issued stop work orders. In response, Harbor Lands administratively appealed the orders, challenging the City's authority to issue them. A hearing examiner upheld the City's action. The city council affirmed.
¶ 4 Harbor Lands petitioned the superior court, pursuant to the Land Use Petition Act, chapter 36.70C RCW (LUPA), seeking reversal of the hearing examiner's decision.[1] Harbor Lands concurrently filed a separate lawsuit against Blaine, which the City removed to the United States District Court. The parties stipulated to and were granted a stay in that action, citing as their rationale that the resolution of the issues in this case could be determinative of the questions presented therein.
*1284 ¶ 5 By the time that this case came on for decision in the superior court, the stop work orders had been rescinded, a transfer of real estate had been effectuated between the parties, the construction had been completed, and occupancy permits had been issued. The council had also amended Blaine's zoning code to provide express authority for the issuance of stop work orders under the circumstances presented by Harbor Lands' project. See Blaine Municipal Code (BMC), ch. 17.08. A decision in favor of Harbor Lands would confer no additional relief. Nevertheless, the superior court ruled on the merits of the case, entering a judgment adverse to the City.[2]

II
¶ 6 The City now contends that the judgment should be vacated because the case was moot at the time judgment was entered. We agree.
¶ 7 "A case is moot if a court can no longer provide effective relief." Orwick v. City of Seattle, 103 Wash.2d 249, 253, 692 P.2d 793 (1984). The issue of mootness "is directed at the jurisdiction of the court." Citizens for Financially Responsible Gov't v. City of Spokane, 99 Wash.2d 339, 350, 662 P.2d 845 (1983). As such, it "may be raised at any time." Citizens, 99 Wash.2d at 350, 662 P.2d 845.
¶ 8 Harbor Lands has petitioned for no legal or equitable relief in this action other than reversal of the hearing examiner's decision.[3] The sole basis asserted by Harbor Lands in support of its contention that this action is not moot is its status as plaintiff in the federal court lawsuit. Accordingly, the determinative issue before us is whether the potential preclusive effect of a judgment entered in one lawsuit upon issues raised in a second proceeding constitutes a legal right, preventing the first case from becoming moot.
¶ 9 We conclude that no such legal right exists. Indeed, Harbor Lands provides no authority whatsoever in support of the contrary view.[4] This is not surprisingHarbor Lands' position amounts to nothing more than a request that we issue a purely advisory opinion, instructing another court how to rule. Neither the City nor Harbor Lands have requested that the federal court certify any question of Washington law for review by our Supreme Court, the proper procedure for the resolution of unanswered state law questions in federal court actions. See RAP 16.16 ("Certificate procedure is the means by which a federal court submits a question of Washington law to the Supreme Court."); Broad v. Mannesmann Anlagenbau, A.G., 141 Wash.2d 670, 676, 10 P.3d 371 (2000) ("The federal court retains jurisdiction over all matters except the local question certified."). Rather, the parties, being fully cognizant that the superior court's judgment requires neither of them to do anything, pay anything, or refrain from doing or paying anything, have nonetheless continued to litigate in a quest to secure a favorable judgment that may then be used to preclude adjudication of the controversy in the federal court. Such tactics are a misuse of the state court system and an abuse of the citizens whose tax payments fund our courts.
¶ 10 Harbor Lands next contends that, even if the case is moot, the "public interest exception" to the mootness doctrine applies. We disagree.
*1285 ¶ 11 "The three factors considered essential" for application of the public interest exception "are: (1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur." Hart v. Dep't of Social & Health Servs., 111 Wash.2d 445, 448, 759 P.2d 1206 (1988). Applying these criteria, it is apparent that the public interest exception does not apply.
¶ 12 While it is true that the interest at stake is a public one, in that this dispute involved the application of Blaine's former zoning ordinance, an opinion by this court is not necessary to provide municipal officials with future guidance. The legal question presented in Harbor Lands' LUPA petition is a narrow one: whether the absence of an express enforcement provision in Title 17 BMC prevented the City from stopping unpermitted construction of impervious surfaces and construction on City property. Prior to superior court action, Blaine amended its code to provide express authority for the City to enforce Title 17 BMC by issuing stop work orders. Thus, there is no possibility that this issue will recur. "The public interest exception has not been used in statutory or regulatory cases that ... involve statutes or regulations that have been amended." Hart, 111 Wash.2d at 449, 759 P.2d 1206 (emphasis added).
¶ 13 Equitable vacatur of judgments that have become moot but which may nonetheless have claim or issue preclusive effects is a common practice in the federal courts. See Ctr. for Biological Diversity v. Lohn, 511 F.3d 960, 965 (9th Cir.2007) (vacating trial court's judgment in moot case "`is commonly utilized ... to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences'") (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 41, 71 S.Ct. 104, 95 L.Ed. 36 (1950)); but see also U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) (vacatur may not be warranted when mootness caused by one party's voluntary actions, seeking to preclude appellate review). In Washington, as in the federal courts, a judgment in a cause that has subsequently become moot may be preclusive if left of record. See Nielson v. Spanaway Gen. Med. Clinic, Inc., 135 Wash.2d 255, 264, 956 P.2d 312 (1998); cf. Sutton v. Hirvonen, 113 Wash.2d 1, 9-10, 775 P.2d 448 (1989) (vacatur necessarily eliminates preclusive effect of judgment). Because this case was moot when the superior court entered judgment, that judgment must be vacated.
¶ 14 Vacated and remanded.
WE CONCUR: AGID and GROSSE, JJ.
NOTES
[1] The council affirmed the hearing examiner's findings of fact and conclusions of law in full, making no amendments. Thus, for purposes of economy, we refer to the hearing examiner's decision as the decision from which Harbor Lands has petitioned for relief.
[2] At the time the trial court entered judgment, it suggested that the case might be moot. The parties disagreed, and the City did not argue mootness until it moved for reconsideration.
[3] Harbor Lands contends on appeal that a deed by which it conveyed property to the City should be reformed due to fraud or mistake. However, Harbor Lands did not seek this relief in the superior court. Thus, the request is not properly before us.
[4] Harbor Lands contends that the City should be judicially estopped from claiming that the case is moot because of its stipulation in the federal court. However, the issue of mootness is one of justiciablity. The City's representations to another court are irrelevant to our resolution of that issue.