**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISABELLE BICHINDARITZ, | No. 14-35016 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01371-RSL |
| v. | |
| UNIVERSITY OF WASHINGTON, | MEMORANDUM and ORDER[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Resubmitted September 11, 2015[**]
San Francisco, California

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Isabelle Bichindaritz appeals the district court's denial of her Federal Rule of

Civil Procedure 60(d)(3) motion for relief from judgment in her Title VII action

against the University of Washington. We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. Reviewing for abuse of discretion, *see United States v. Chapman*, 642 F.3d 1236, 1240 & n.3 (9th Cir. 2011), we affirm.

1. Bichindaritz argues that the district court failed to apply full faith and credit to a Washington state trial court's decision finding that the University had violated Washington's Public Record Act ("PRA"), Wash. Rev. Code §§ 42.56.0001–.904, by failing to produce relevant documents to Bichindaritz in a timely manner. Bichindaritz contends that the state trial court's PRA decision necessitates a finding of fraud on the federal court in these unrelated proceedings. *See Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944) (holding that federal courts have the inherent power to grant relief against judgments for "after-discovered fraud"). However, on February 17, 2015, while this appeal was pending, the Washington Court of Appeals reversed the trial court's decision and held that the University did not violate the PRA. *See Bichindaritz v. Univ. of Wash.*, No. 70992-5-I, 2015 WL 677209 (Wash. Ct. App. Feb. 17, 2015). Because the state court judgment has been reversed, it has no

potential preclusive effect on this action.[1] *See Sutton v. Hirvonen*, 775 P.2d 448, 452–53 (Wash. 1989) (en banc); *see also Cal. Dep't of Soc. Servs. v. Thompson*, 321 F.3d 835, 847 (9th Cir. 2003) ("Once a decision of the district court is reversed, the 'judgment cannot serve as the basis for a disposition on the grounds of res judicata or collateral estoppel.'" (quoting *Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir. 1980))).

2.      Bichindaritz also argues that the district court improperly required her to show prejudice. *See Dixon v. Comm'r*, 316 F.3d 1041, 1046 (9th Cir. 2003) ("Prejudice is not an element of fraud on the court. Fraud on the court occurs when the misconduct harms the integrity of the judicial process, regardless of whether the opposing party is prejudiced." (citations omitted)). Bichindaritz's position misinterprets the district court's decision. The district court did not perform a prejudice inquiry. Rather, the district court found that the University did not commit misconduct that harmed the integrity of the judicial process. Simply put, the district court did not find fraud. The district court did not abuse its

---

[1] Bichindaritz concedes that she no longer has a basis to appeal on this ground. Instead, she asks this court to stay her appeal until the Washington Supreme Court rules on her petition for review in the PRA action. The Washington Supreme Court has now denied Bichindaritz's petition for review. *Bichindaritz v. Univ. of Wash.*, No. 915-7 (Wash. Sept. 2, 2015). We thus deny Bichindaritz's motion to stay as moot.

3

discretion in finding that the University did not commit fraud on the court. *See Hazel-Atlas Glass*, 322 U.S. at 244–50; *United States v. Estate of Stonehill*, 660 F.3d 415, 454 (9th Cir. 2011).

**AFFIRMED.**