IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| REID WILKES AND ADRIENNE STUART, on their own behalf and on behalf of J.W. and C.W., their two children in public schools, CRISTINE BECKWITH, on her own behalf and on behalf of B.B. and G.B., her two children in public schools, and CAROLINA LANDA, on her own behalf and on behalf of Z.L., her child in public schools,<br><br>        Appellants,<br><br>    v.<br><br>WASHINGTON STATE BOARD OF EDUCATION and WASHINGTON OFFICE OF THE SUPERINTENDENT OF PUBLIC INSTRUCTION,<br><br>        Respondents. | No. 83337-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Parents Reid Wilkes, Adrienne Stuart, Christine Beckwith and Carolina Landa, on their own behalf and on behalf of their children[1] with disabilities (referred to collectively as the families), appeal the trial court's dismissal of their challenge to an April 29, 2020 emergency rule promulgated by the Office of the Superintendent of Public Instruction (OSPI). The rule permitted

---

[1] Wilkes and Stuart's children are J.W. and C.W. Beckwith's children are B.B. and G.B. Landa's child is Z.L.

Citations and pin cites are based on the Westlaw online version of the cited material.

school districts to temporarily petition for funding waivers when they could not meet school day and instructional hour requirements as a result of school closures related to the COVID-19 pandemic.

The trial court dismissed the families' challenge as moot, finding that their requested remedies were unavailable as the rule had already expired at the time of the court proceedings. The families appeal the dismissal, arguing that even if their challenge is moot, their challenge is eligible for the "substantial and continuing interest" exception. We disagree and affirm.

FACTS

On March 13, 2020, Governor Jay Inslee ordered the statewide closure of public schools in response to the COVID-19 pandemic. On April 7, 2020, the Governor extended the closure order to the end of the 2019-2020 school year.

Three weeks later, on April 29, 2020, OSPI invoked its emergency rule-making authority pursuant to RCW 34.05.350[2] by filing with the Office of the Code Reviser a new rule for immediate adoption to address the emergency school closures in the 2019-2020 school year. Wash. St. Reg. (WSR) 20-10-044, WAC 392-901 (effective Apr. 29, 2020). OSPI's stated purpose for the rule was to

---

[2] Under RCW 34.05.350(1), if an agency for good cause finds: (a) That immediate adoption, amendment, or repeal of a rule is necessary for the preservation of the public health, safety, or general welfare, and that observing the time requirements of notice and opportunity to comment upon adoption of a permanent rule would be contrary to the public interest . . . (2) An emergency rule adopted under this section takes effect upon filing with the code reviser, unless a later date is specified in the order of adoption, and may not remain in effect for longer than one hundred twenty days after filing.

establish the terms and conditions governing local education agencies' entitlement to receive state basic education apportionment allocations during the 2019-2020 school year when the local education agencies could not offer the statutory minimum number of school days or annual average total instructional hour offerings due to emergency closures caused by the COVID-19 pandemic and other unforeseen events. The emergency rulemaking also addresses standards for continuous learning for the remainder of the 2019-2020 school year.

OSPI stated that "observing the time requirements of notice and opportunity to comment upon adoption of a permanent rule would be contrary to the public interest," and further explained that

[g]iven the unprecedented effects of the COVID-19 pandemic and the closure of school facilities for the remainder of the 2019-2020 school year, the immediate adoption of this rule is necessary for the preservation of public health, safety, and the general welfare.

OSPI's April 29, 2020 rule, codified as chapter 392-901 WAC, created emergency funding waivers that permitted local education agencies (LEAs)[3] to petition the superintendent to receive full annual funding apportionment when, due to an emergency school closure, they were unable to meet the 180 school days and approximately 1,000[4] instructional hours required by RCW 28A.150.220.  WSR 20-10-044, WAC 392-901-025, 035, RCW 28A.150.220(2)(a), (5)(a).

The emergency rule cited to RCW 28A.150.290 as OSPI's authority for adopting WAC 392-901.  Former WAC 392-901-005 (2020).  RCW

---

[3] "Local educational agency" refers to school districts, charter schools, or state-tribal education compact schools.  WSR 20-10-044, WAC 392-901-020(4).

[4] RCW 28A.150.220(2) states that a basic education includes an average of 1,000 instructional hours for students in kindergarten through eighth grade and 1,080 instructional hours for grades nine through twelve.

28A.150.222(1) permits the superintendent of public instruction to grant waivers for the 180 day school year, but states that the superintendent may not waive the minimum instructional hours required by RCW 28A.150.220.  However, RCW 28A.150.290 permits the state superintendent to make rules and regulations that allow school districts to receive state basic education funding when districts are unable to fulfill the 180 days or instructional hour requirements due to "[a]n unforeseen natural event" such as an "epidemic . . . that has the direct or indirect effect of rendering one or more school district facilities unsafe, unhealthy, inaccessible, or inoperable."

LEAs could become eligible for an OSPI funding waiver by (1) implementing a plan that meets certain minimum standards for continuous learning,[5] (2) the LEA's governing board supporting the waiver request and adopting a resolution to approve the continuous learning plan by May 11, 2020, (3) extending the school year by at least five days, and (4) submitting an application to the superintendent requesting a waiver.  WSR 20-10-044, WAC

---

[5] "Continuous learning" is defined as "establishing and maintaining connections with students and families to provide learning materials and supports using a variety of modalities including, but not limited to, email, telephone, printed learning materials, or available online platforms, taking into account recommendations provided by [OSPI] in its published guidance and as required under this chapter and applicable state and federal law."  WSR 20-10-044, WAC 392-901-020(1).
The continuous learning plan also "must identify the local education agency's strategies for providing learning opportunities for all students, including students of color, English language learners, students in foster care, students who are low-income, students who are mobile, students experiencing homelessness, students who are migratory, students with a military parent(s), students receiving Section 504 services, students with disabilities and students who are highly capable."  WSR 20-10-044, WAC 392-901-030(5).

392-901-020(1), 025(1).

OSPI's emergency rule was temporary, "effective only for the 2019-20 school year." WSR 20-10-044, WAC 392-901-015(3). The rule was set to expire on August 27, 2020, 120 days after it was filed. See RCW 34.05.350(2) ("An emergency rule . . . may not remain in effect for longer than one hundred twenty days after filing.")

In August 2020, shortly before OSPI's rule expired, four parents sued OSPI and the State Board of Education (Board) challenging the validity of the April 29, 2020 emergency rule[6] under the Administrative Procedures Act (APA) both on their own behalf and on behalf of their preschool and elementary age children with disabilities. The families claimed that OSPI exceeded its emergency rulemaking authority and violated article IX, sections I and II of the Washington Constitution by interfering with their children's constitutional and statutory right to a basic education, including obtaining special education and related services. Due to the nature of the children's disabilities, the children were unable to access remote learning or "catch up easily."

The families asked the court to order a declaratory judgment that the April 29 rule was invalid, issue an injunction against implementing the rule, and order

---

[6] In addition to challenging OSPI's April 29, 2020 emergency rule, the families challenged two other emergency rules related to the 2020-2021 school year: a July 2020 rule from the Board defining "instructional hours" and an August 2020 OSPI rule redefining "absence." The trial court granted the Board's and OSPI's request to sever these additional claims, requiring the families to pursue these issues only by bringing separate, amended petitions. In December 2020, the parties filed a stipulated motion for dismissal of the families' challenge to the July and August 2020 emergency rules.

negotiated rulemaking pursuant to RCW 34.05.310(2)[7] to "ensure that interested parties can participate in solutions to school pandemic impacts."

In September, OSPI and the Board moved to dismiss the families' complaint. The agencies argued that the families' claim as to the April 29 emergency rule was moot since the rule had expired in August 2020. OSPI and the Board also argued that the families failed to allege an injury-in-fact required for standing, as OSPI's April 29 rule merely allowed LEAs to seek waivers of day and hour requirements during the pandemic, and that was unrelated to the claimed injuries of inadequate special education services offered by the districts. OSPI and the Board further claimed that striking OSPI's April 29 rule would not provide the children with the special education services they sought and that it could potentially harm the students if LEAs were required to return funding for the 2019-2020 school year.[8]

A hearing on the motion to dismiss or sever was held in Thurston County Superior Court on October 23, 2020. After hearing argument, the trial court ruled that the challenge to the April 29 emergency rule was moot:

---

[7] RCW 34.05.310(2) states that "Agencies are encouraged to develop and use new procedures for reaching agreement among interested parties before publication of notice and the adoption hearing on a proposed rule. Examples of new procedures include, but are not limited to: (a) Negotiated rule making by which representatives of an agency and of the interests that are affected by a subject of rule making . . . seek to reach consensus on the terms of the proposed rule and on the process by which it is negotiated[.]"

[8] Additionally, the agencies argued that the families failed to obtain standing by first exhausting administrative remedies available through the APA. We do not address the standing or exhaustion claims proffered by the agencies in the trial court as these issues are not before this court on appeal.

Ultimately, I'm not persuaded that the challenge to the April 29 rule is not moot. I can understand and I do appreciate respondents' arguments about why they disagree with that conclusion. But ultimately, the rule's impact solely on a past school year and its expiration on its face do not get me past the mootness of a challenge of that rule. So that part of the case I will dismiss.

The families appeal the trial court's dismissal of their challenge to OSPI's April 29, 2020 emergency rule.

## DISCUSSION

### Dismissal Basis

The families assign error to the trial court's dismissal of their challenge "pursuant to CR 12(b)(6)." But the trial court did not dismiss their claims based on CR 12(b)(6).

Before the trial court, OSPI and the Board moved for dismissal on the basis of CR 12(b)(1) (lack of jurisdiction over the subject matter) or 12(b)(6) (failure to state a claim upon which relief can be granted). The trial court did not specifically address CR 12(b)(1) or CR 12(b)(6) because the court did not address the merits of the families' claims and found that the challenge was moot. The trial court did reference CR 12(b)(6) while addressing the July 21 and August 13 rules, which are not at issue in this appeal.

No further analysis of this assignment of error is warranted.[9]

<u>The Families' Challenge is Moot</u>

OSPI and the Board argue that the families' challenge to the April 29, 2020 rule is moot.  We agree.

"'A case is technically moot if the court cannot provide the basic relief originally sought, or can no longer provide effective relief.'"  <u>Josephinium Assocs. v. Kahli</u>, 111 Wn. App. 617, 622, 45 P.3d 627 (2002) (quoting <u>Snohomish County v. State</u>, 69 Wn. App. 655, 660, 850 P.2d 546 (1993)).  Mootness is a question of law we review de novo.  <u>Washington State Commc'n Access Project v. Regal Cinemas, Inc.</u>, 173 Wn. App. 174, 204, 293 P.3d 413 (2013).

The relief the families sought in the trial court was a declaratory judgment that the challenged rule is "invalid because they impair the rights of the families, exceed the agencies' rulemaking authority and violate article IX, and because they were adopted without procedural compliance."  By the time of the October hearing, the emergency rule had already expired eight weeks earlier.

---

[9] The families insist that mootness is not jurisdictional and thus CR 12(b)(1) is not at issue in this case.  OSPI and the Board counter that CR 12(b)(1) is at issue because "cases with jurisdictional defects are subject to dismissal under CR 12(b)(1).  Washington appellate courts have said that "mootness is a jurisdictional concern."  <u>State v. Beaver</u>, 184 Wn.2d 321, 330, 358 P.3d 385 (2015); <u>Harbor Lands LP v. City of Blaine</u>, 146 Wn. App. 589, 592, 191 P.3d 1282 (2008) (mootness is directed at the jurisdiction of the court).  However, our case law does not suggest that a dismissal for mootness is a dismissal pursuant to CR 12(b)(1).  In <u>Orwick v. City of Seattle</u>, the Washington Supreme Court concluded that the superior court had jurisdiction under CR 12(b)(1) to hear the petitioner's claim for injunctive and declaratory relief, but the claim was nonetheless moot.  103 Wn.2d 249, 253, 692 P.2d 793 (1984).

The families' complaint was moot as their requested remedies were unavailable in October 2020, and any order from the trial court would have been an inappropriate advisory opinion on OSPI's future action outside of the 2019-2020 school year. Washington courts may not issue advisory opinions. To-Ro Trade Shows v. Collins, 100 Wn. App. 483, 490, 997 P.2d 960 (2000).

The families contend that their challenge is not moot because a declaratory ruling that "the constitutional and statutory right to a basic education cannot be diminished by agency rulemaking" "would still be meaningful" and would "draw a clear line that would protect . . . [all students] from similar educational deprivations *in the future*." (Emphasis added.) As the April 29 rule is no longer in effect, the families acknowledge that the relief they seek is limited to preventing some hypothetical "future" deprivation, rather than providing effective relief to a present injury. It is unclear any such "future deprivation" will actually occur.

The families insist that there must be a way to challenge the emergency rules and that "[t]he mootness doctrine becomes a free pass for an agency to violate constitutional rights and exceed its statutory authority for 120 days." The legal issue before the trial court on the motion for dismissal was clarified by the families as not "whether the [emergency rules] are illegal," but rather "whether the State can prevent judicial review of rules that alter a basic education." In their briefing, the families ask us to answer: "when an emergency rule is adopted without public notice and lasts for 120 days, does a trial court err by requiring

affected parties to complete a rulemaking challenge before the rule expires in order to avoid dismissal for mootness?"

There is a statutory basis to challenge emergency rules, which the families did not pursue. The legislature designed RCW 34.05.350 so agencies could use emergency rulemaking power to quickly address public health, safety, and general welfare issues. Simultaneously, however, the legislature required emergency rules to include restrictions, designed only for special circumstances, limited to 120 days, and ineligible for extension without additional procedural requirements. RCW 34.05.350(1)-(2). Even though the emergency rules are temporary, parties are entitled to seek an immediate stay or other temporary remedy while their judicial relief is sought pursuant to RCW 34.05.550. According to RCW 34.05.550(3):

> If judicial relief is sought for a stay or other temporary remedy from agency action based on public health, safety, or welfare grounds the court shall not grant such relief unless the court finds that:
>
> (a) The applicant is likely to prevail when the court finally disposes of the matter;
> (b) Without relief the applicant will suffer irreparable injury;
> (c) The grant of relief to the applicant will not substantially harm other parties to the proceedings; and
> (d) The threat to the public health, safety, or welfare is not sufficiently serious to justify the agency action in the circumstances.

This process prevents agencies from evading judicial review of emergency rules such as the one at issue here. As OSPI points out, the families did not seek an expedited review of OSPI's rule under the APA. It is not clear the families would have prevailed in such an attempt given the plain statutory basis for OSPI's actions and the sufficiently serious nature of the COVID-19 pandemic.

10

The families had an opportunity to stay implementation of OSPI's emergency rule and seek review before the challenge became moot. They did not do so.

The families' challenge to OSPI's expired rule is moot.

Mootness Exception

The families next contend that even if the April 29 emergency rule is moot, the public interest exception applies.[10] We disagree.

Generally, a reviewing court will dismiss a moot case. Washington State Dep't of Transp. v. City of Seattle, 192 Wn. App. 824, 835-36, 368 P.3d 251 (2016). An exception exists for cases that present issues of "substantial and continuing interest." Blackmon v. Blackmon, 155 Wn. App. 715, 720, 230 P.3d 233 (2010). In "rare" cases, an appellate court may exercise its discretion to

---

[10] The families also question, without citing any supporting authority or providing any meaningful argument, whether the trial court erred by dismissing the challenge for mootness without first addressing the public interest issue. We will not consider an inadequately briefed argument. Nelson v. Duvall, 197 Wn. App. 441, 460, 387 P.3d 1158 (2017). We observe that the Washington Supreme Court has stated:

> [T]he moot cases which this court has reviewed in the past have been cases which became moot only after a hearing on the merits of the claim. In those cases, the facts and legal issues had been fully litigated by parties with a stake in the outcome of a live controversy. After a hearing on the merits, it is a waste of judicial resources to dismiss an appeal on an issue of public importance which is likely to recur in the future.

> In this case, however, petitioners' claim for declaratory and injunctive relief became moot before trial. Dismissal of their claim will not involve a waste of judicial resources and will avoid the danger of allowing petitioners to litigate a claim in which they no longer have an existing interest.

Orwick, 103 Wn.2d at 253-54 (internal citations omitted).

retain and decide such cases.  State ex rel. Evans v. Amusement Ass'n of Wash., Inc., 7 Wn. App. 305, 307, 499 P.2d 906 (1972).

This court has previously held that an agency's expired emergency rule may, in some circumstances, be reviewable under the substantial or continuing public interest exception.  Mauzy v. Gibbs, 44 Wn. App. 625, 630, 723 P.2d 458 (1986).  "We consider three factors in deciding whether a case presents issues of continuing and substantial interest: (1) whether the issue is of a public or private nature, (2) whether an authoritative determination is desirable to provide future guidance of public officers, and (3) whether the issue is likely to recur."  Blackmon, 155 Wn. App. at 720.  Where a party urges this court to apply the public interest exception, it is necessary to evaluate these factors "to ensure that an actual benefit to the public interest in reviewing a moot case outweighs the harm from an essentially advisory opinion."  Hart v. Dep't of Soc. & Health Servs., 111 Wn.2d 445, 450, 759 P.2d 1206 (1988).

*A. Public or private issue*

We agree with the families on the first prong that the nature of this dispute between the families and OSPI is a matter of substantial public interest, because it involves statewide public education and OSPI's emergency rule making powers.

*B. Future guidance*

The families argue that guidance on OSPI's emergency rulemaking is necessary to "ensure that future rulemaking complies with article IX and relevant statutes."  We disagree.

OSPI and the Board acted under lawful authority when they adopted the April 29 emergency rule. RCW 34.05.350 authorizes the immediate adoption of emergency rules while observing requirements of notice and opportunity to comment would be contrary to public interest. RCW 28A.150.290 grants OSPI authority to make rules and regulations to establish terms and conditions to allow districts to receive state basic education moneys when they are unable to fulfill the 180 day or instructional hour requirements because of unforeseen events. The agencies contend that a rulemaking challenge is not the proper mechanism for challenging the constitutionality of a statute.

The families contend RCW 28A.150.290 authorizes *payment* when districts are not able to meet the minimum 180 days or instructional hours, but it does not authorize OSPI to *waive* the instructional hours, which is expressly prohibited by RCW 28A.150.222 ("The requirement under RCW 28A.150.220 that school districts offer minimum instructional hours may not be waived."). The families cite to WAC 392-901-025 as the source of the invalid waiver. This section of the April 29 emergency rule provides that "[t]he superintendent of public instruction will waive the school days and instructional hours statutory requirements that a local education agency was unable to meet in the 2019-20 school year due to an emergency school closure" if the local education agency implemented a continuous learning plan and met other qualifying conditions. WSR 20-10-044, WAC 392-901-025(1). And "[i]f the superintendent waives the statutory school days and average annual instructional hour offerings requirements pursuant to this chapter, the local education agency shall receive

its full annual allocation of state basic education apportionment." WSR 20-10-044, WAC 392-901-025(2). This rule, they argue, violates the statute and constitutional right to basic education as recognized in McCleary v. State, 173 Wn.2d 477, 546, 269 P.3d 227(2012).

According to the families' own argument, the statutes do not allow waiver of the instructional hours, only the April 29 emergency rule did. That rule only applied to the 2019-20 school year and has long since expired. This circumstance does not warrant the need for future guidance.

The families also argue that their case provides an opportunity for this court to clarify "when emergency rulemaking is appropriate, including whether a long-lasting pandemic can be treated the same as an earthquake, riot or other sudden disruption[.]" As the temporary April 29, 2020 emergency rule at issue in this appeal was adopted at the beginning of the pandemic, determining its validity as a way to provide future guidance on emergency rules adopted during a long-lasting pandemic would not be helpful.

C. Issue likely to recur

The families contend that the issues in this dispute are likely to recur because the pandemic "has continued to spawn emergency rulemaking." The agencies counter that an unexpected closure of schools is not likely to recur because protective measures have been established to minimize the spread of COVID-19.

The question is not whether it is likely that OSPI may have to exercise emergency rulemaking in response to some future unforeseen event. The

14

question is whether the adoption of the April 29 temporary emergency rule that has since expired is likely to recur. OSPI adopted the April 29 emergency rule in response to the governor's decision to extend school closures to the end of the 2019-2020 school year. Now that OSPI and the Board has had to experience the challenges of responding to the pandemic, we are not persuaded that the families have established that the April 29 emergency rule is likely to recur.

We affirm the trial court's dismissal of the families' challenge as moot and hold that this case does not meet the substantial and continuing interest exception.

### Attorney Fees

The families request attorney fees pursuant to RAP 18.1(a), as authorized by the Equal Access to Justice Act (EAJA) codified at RCW 4.84.350. That statute states:

> Except as otherwise specifically provided by statute, a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust. A qualified party shall be considered to have prevailed if the qualified party obtained relief on a significant issue that achieves some benefit that the qualified party sought.

RCW 4.84.350(1). Because the families have not prevailed, we reject the families' request for attorney fees.

CONCLUSION

We affirm the trial court's ruling that the families' challenge to OSPI's April 29, 2020 is moot and conclude that this case does not meet the substantial and continuing interest exception.

_Cohen, J._

WE CONCUR:

_Hazelrigg, J._                    _Smith, A.C.J._